## Case No. 11,305.

### POSTMASTER GENERAL v. APPLEBACK et al.

[The case reported in 16 Haz. Reg. Pa. 18, under above title is the same as Case No. 11,312.]

---

## Case No. 11,306.

### POSTMASTER GENERAL v. CROSS et al.

[4 Wash. C. C. 326.] [1]

Circuit Court, D. Pennsylvania.    Oct. Term, 1822.

JURISDICTION—SUIT ON BOND—AMOUNT OF PENALTY AS COMPARED WITH AMOUNT CLAIMED — SPECIAL FINDING BY JURY — ARREST OF JUDGMENT.

1. Debt on a post office bond against the sureties, for $1,000, the penalty, and no breaches laid. The jury found a special verdict. On error to the circuit court, it was decided that though, from the papers in the record, it appeared that less than fifty dollars was due, yet the penalty was the debt claimed, and therefore there was no objection to the jurisdiction.

[Cited in brief in Healy v. Prevost, Case No. 6,297. Cited in Cabot v. McMaster, 61 Fed. 132.]

2. Pleas, non est factum and payment. The jury found against the defendant on the first plea, and a number of facts which were all inapplicable to the second plea. Judgment was arrested for want of breaches being assigned; and a venire facias was awarded for this defect in the verdict.

This was a writ of error from the district court, in an action of debt by the plaintiff in error, against the defendants [Cross and Wonder], as sureties of ———, a deputy postmaster, on his official bond, for $1000, penalty. Plea, non est factum and payment. Special verdict finding it to be the deed of the defendants, and a number of facts tending to tax the plaintiff with neglect in not suing the bond whilst the principal was able to pay, and omission to give the sureties notice of the defaults of the principal.

Chauncey, for the defendants, moved to dismiss the writ of error, upon the ground of want of jurisdiction in this court to entertain the cause, the subject in dispute appearing to be under $50. He cited U. S. v. M'Dowell, 4 Cranch [8 U. S.] 316.

The district attorney produced the account as settled by the postmaster general, by which it appeared that the sum claimed, as being really due by the principal in the official bond, was upwards of $400, and he relied upon the twenty-ninth, thirtieth, and thirty-fifth sections of the post office laws.

WASHINGTON, Circuit Justice. The matter in dispute, in this case, appears by the record, to be the penalty of the bond, the declaration containing no breach, showing that a smaller sum was claimed, as was the case of the United States v. M'Dowell [supra]. If the verdict had been for a smaller sum than $50, that would have been the matter in dispute, and this court could not have entertained the writ of error. The judgment must be reversed, and a venire de novo awarded, there being no breaches assigned in the dec-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

laration or replication; and also because the verdict does not respond to the plea or payment, but states matters irrelevant to that issue; but which, I presume, were subjects of discussion at the trial. If these be the grounds of defence. they must be presented to the court by proper pleadings.