Mr. Chief Justice Sharkey
delivered the opinion of the court.
George Potts, a citizen of New York, filed this bill in the district chancery court, against H. S. Eustis, J. F. Gillespie, and F. S. Hunt, citizens of Mississippi, and against the commercial firm of A. & J. Denniston & Co., who are alleged to be citizens of Louisiana, but who are, as appears by their petition, aliens. Mrs. Ferriday, the wife of the mortgagor, is also party defendant, and a resident of Louisiana.
A. & J. Denniston & Co. presented their petition to the vice-chancellor, praying to have the cause transferred to the United States court, according to the provisions of the 12th section of the judiciary act of 1789. The petition conforms in all things to the requisitions of the act, but the vice-chancellor refused the application, and thereupon the applicants appealed.
We agree with counsel, that no case can be transferred, unless it be such, as between all parties, that the suit might have been brought in the federal courts. The act was not intended to en *41 large the jurisdiction of the federal courts, but only to leave it to the defendant to elect between concurrent jurisdictions. The inquiry then is narrowed down to a single point: Could this suit, as between these parties, have been brought in the circuit court of the United States? The jurisdiction of that court is not denied as to any of the parties, except Mrs. Perriday.
According to what seems to have been the uniform construction of the judiciary act, a party cannot be sued out of the district in which he lived, unless he should happen to be found in the district in which the plaintiff was a citizen. In other words, one of the parties must be a citizen of the district in which the suit is brought. Gracie v. Palmer, 8 Wheat. 699; Craig v. Cummings, 2 Wash. C. C. R. 505; White v. Fenner, 1 Mason, R. 520; Shute v. Davis, 1 Peters, C. C. R. 431. On this construction, Mrs. Ferriday was not liable to be. sued in the circuit court of Mississippi by a citizen of New York. According to the case of Grace v. Palmer, she could waive her privilege by appearance, but this is not a sufficient ground to authorize us to say that the circuit court would have had jurisdiction. It must possess such jurisdiction as a matter of right, otherwise the suit cannot be transferred. True, Mrs. P. has voluntarily appeared and answered the bill in the vice-chancery court, but it does not follow that she would have done so had the suit been brought in the circuit court of the United States.
But it is said the jurisdiction of the circuit courts has been so far enlarged by the act of Congress of 1839, and the construction which has been put on it, as to embrace the case before us. This statute has been construed by the supreme court, first, in the Commercial & Railroad Bank of Vicksburg v. Slocomb, 14 Peters, 60; and second, in the Louisville Railroad Co. v. Letson, 2 How. S. C. Rep. 497. In both these cases the court held, that the act of 1839 was intended to obviate difficulties which had arisen in the practical operation of the 11th section of the judiciary act, under which defendants residing in different districts could not be sued in the federal courts. Now suits may fie brought against such defendants, some of whom reside where the suit is brought, and others in a different district; or *42 the latter class of defendants may be left out. In such cases, the court proceeds against the parties rightfully before it, and against non-residents of the district, who may voluntarily submit to its jurisdiction, but its judgment does not bind those who are not before it. Under this construction, the circuit court for the district of Mississippi could have entertained jurisdiction, because the plaintiff is a citizen of New York, and Eustis, Gillespie, and Hunt are citizens of Mississippi, and the Dennistons are aliens. As Mrs. Ferriday resides out of the district, she is still not liable to be sued, unless she should choose to enter a voluntary appearance. If she should refuse to do so, no judgment could be rendered against her, although the court might proceed as to the others. The statute, therefore, seems to have been intended for the benefit of plaintiffs. It enables them to sue in the United States courts in cases not before provided for, if they should be willing to drop part of the defendants. It authorizes the severance of defendants who were before liable only to be sued jointly. But if a party, under such circumstances, should elect the state courts, where he can reach all of the defendants, can a portion of the defendants compel him to transfer his case, when, by doing so, he must abandon his suit as against one of them ? This would be to abridge his right. The act of Congress makes no provision for transferring causes in which there are more defendants than one, and where this is the case, the defendants must unite in their application, as we apprehend no transfer can be compelled where part of the defendants are opposed to it. Mrs. Ferriday does not join in this petition, nor can she be made a party in the federal court unless by her voluntary appearance. True, she has appeared in the state court, but that should not compel her to submit to a different jurisdiction, without her election. If the cause is transferred, she ought to be allowed to withdraw her appearance, and this would deprive the plaintiff of his right to a judgment against her. On this view of the question, the suit should not be transferred, unless Mrs. Ferriday is only a nominal party. The federal courts cannot be ousted of jurisdiction because nominal parties are sued. But we are not prepared to say that this is *43 the case as to Mrs. Ferriday. She is a party to the mortgage; she had a right to dower in the mortgaged premises; she has parted with that right only on condition, or rather she has a right to redeem so as to protect her interest. It is true that the general rule is, that a married woman becomes a material party only from the time she is ordered to answer separately. Mrs. Ferri-day has answered separately, and the answer was received. She is thus placed on the ground of a separate defendant. The judgment must therefore be affirmed.