## Case No. 17,728.

WILLIAMS v. MISSOURI, K. & T. RY. CO.

[3 Dill. 267.] [1]

Circuit Court, W. D. Missouri. 1875.

JURISDICTION OF FEDERAL COURTS — CITIZENSHIP OF CORPORATIONS.

1. For the purposes of federal jurisdiction a corporation is conclusively considered as if it were a citizen of the state which created it.

2. This principle applied, and the defendant company held to be a citizen of the state of Kansas, under whose laws it was organized, and not of Missouri under whose laws it had gone into that state and purchased and was operating therein a line of railway in connection with its line in Kansas.

[Cited in Copeland v. Memphis & C. R. Co., Case No. 3,209; Blackburn v. Selma, M. &

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

M. R. Co., Id. 1,467; Uphoff v. Chicago, St. L. & N. O. R. Co., 5 Fed. 547; Wilkinson v. Delaware, L. & W. R. Co., 22 Fed. 354.]

3. The case in judgment considered to be analogous to that of Baltimore & O. R. Co. v. Harris, 12 Wall. [79 U. S.] 65, and distinguishable from Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 236.

This was an action brought originally in one of the courts of the state, to recover damages for the alleged wrongful ejection of the plaintiff [Samuel K. Williams] and his family from the cars of the defendant while traveling as passengers upon that part of its road lying in the state of Missouri. The defendant company applied in due form under the act of March 2nd, 1867 [14 Stat. 558], for the removal of the cause to the circuit court of the United States for the Western district of Missouri, stating on oath that the plaintiff was, and is, a citizen of Missouri; that the defendant was and is a citizen of Kansas; that the amount in controversy exceeds $500, and that by reason of prejudice and local influence, the defendant can not obtain justice in the state court wherein the suit is pending. Bond with sureties was given and accepted, and the state court ordered the removal of the suit to this court.

The plaintiff now, to-wit, at the November term, 1874, moves to remand the cause to the state court on the ground that the defendant company is a domestic corporation, that is, a Missouri corporation, and hence is a citizen of the same state with the plaintiff. It is upon this motion that the cause is now before the court.

It was admitted that the defendant company was incorporated under the incorporation laws of the state of Kansas, and that it owns and operates a portion of its line in that state, as well as in the state of Missouri. And it is admitted that the cause was properly removed to this court on the ground that the plaintiff is a citizen of Missouri, and the company, for jurisdictional purposes, a citizen of Kansas, unless the company is also to be regarded in respect to this suit as a corporation of the state of Missouri and a citizen of the last named state.

The claim of the plaintiff that it is to be thus regarded, rests upon certain provisions of the statute of the state of Missouri, and the action of the defendant had under its authority.

The statute relied on by the plaintiff is as follows: "Any railroad company heretofore incorporated, or hereafter organized, in pursuance of law, may at any time by means of subscription to the capital stock of any other railroad company, or otherwise, aid such company in the construction of its railroad, within or without the state, for the purpose of forming a connection of the last mentioned road, with the road owned by the company furnishing such aid; or any such railroad company which may have built its road to the boundary line of the state, may extend into the adjoining state, and for that purpose may build, buy, or lease a railroad in such adjoining state, and operate the same, and may own such real estate and other property, in such adjoining state, as may be convenient in operating such road; or any railroad company, organized in pursuance of the laws of this or any other state, or of the United States, may lease or purchase all or any part of a railroad with all its privileges, rights, franchises, real estate, and other property, the whole or a part of which is in this state, and constructed, owned or leased by any other company, if the lines of the road or roads of said companies are continuous or connected at a point either within or without this state, upon such terms as may be agreed upon between said companies respectively, or any railroad company duly incorporated and existing under the laws of an adjoining state, or of the United States, may extend, construct, maintain and operate its railroad into and through this state, and for that purpose shall possess and exercise all the rights, powers and privileges conferred by the general laws of this state upon railroad corporations, organized thereunder, and shall be subject to all the duties, liabilities and provisions of the laws of this state, concerning railroad corporations, as fully as if incorporated in this state, provided that no such aid shall be furnished, nor any purchase, lease, sub-letting or arrangements perfected until a meeting of the stockholders of the said company or companies of this state, party or parties to such agreement, whereby a railroad in this state may be aided, purchased, leased, sublet or affected by such arrangement, shall have been called by the directors thereof, at such time and place, and in such manner as they shall designate, and the holders of a majority of the stock of such company, in person or by proxy, shall have assented thereto, or shall assent thereto, in writing, and a certificate thereof signed by the president and secretary of the said company, or companies, shall have been filed in the office of the secretary of state; and provided further, that if a railroad company of another state shall lease a railroad the whole or a part of which is in this state, or make arrangement for operating the same as provided in this act, or shall extend its railroad into this state, or through this state, such part of said railroad as is within this state shall be subject to taxation, and shall be subject to all regulations and provisions of law governing railroads in this state; and a corporation in this state, leasing its road to a corporation of another state, shall remain liable, as if it operated the road itself, and a corporation of another state being the lessee of a railroad in this state shall likewise be held liable for the violation of any of the laws of this state, and may sue and be sued in all cases, and for the same causes and in the same manner as a corporation of this state might sue or be sued, if operating its own road; but a satisfaction of any claim or judgment by either of said corporations, shall discharge the other, and a corporation of another state being the lessee as aforesaid or extending its road as aforesaid into or through this state, shall establish and maintain an office on the line of the road so leased or constructed, at

which legal process and notice may be served as upon railroad corporations of this state." Act March 24, 1870; 1 Wag. St. (3d Ed.) 315.

Previous to the enactment of the foregoing statute, the legislature of the state of Missouri had chartered the Tebo & Neosho Company with authority to build a railroad, therein provided. Under the authority of the first mentioned statute, a majority of the stockholders of the Tebo & Neosho Railroad Company, of Missouri, at a meeting duly convened, on the 11th day of October, 1870, adopted and entered of record a resolution, "to sell, assign and convey to the Missouri, Kansas & Texas Railway Company, a corporation organized under the laws of Kansas, all of its privileges, rights, powers, franchises, real estate and other property, the whole or any part of which is in this state (Missouri) excepting only such as belong to the extension of the Tebo & Neosho line north from Sedalia." The resolution sets forth the terms of this sale to the Missouri, Kansas & Texas Company of the line of the Tebo & Neosho Company south of Sedalia, Missouri, and provides that the Missouri, Kansas & Texas Company "shall assume all indebtedness incurred by the construction or otherwise of the line between Sedalia and Fort Scott, the line purchased, and shall have, exercise, and enjoy all the rights, powers, privileges and immunities of the original charter of the Tebo & Neosho Railroad Company, and of the several amendments thereto, in the same manner and to the same extent as had been heretofore exercised and enjoyed by this company or its several stockholders."

A conveyance pursuant to these resolutions was made soon afterwards by the Tebo & Neosho Railroad Company to the Missouri, Kansas & Texas Company, of all of that part of the line of the former company south of Sedalia, containing, inter alia, a provision that the last named company should increase its stock 36,475 shares, being an amount equal to the capital stock of the Tebo & Neosho Company, which had been subscribed and paid for by individuals and towns and counties along the portion of the road thus sold and merged. and should issue and deliver to the holder of every share of stock of the Tebo & Neosho Company a like share of its own stock, subject to all calls and liabilities, if any, attaching to the stock so exchanged. A certificate of the aforesaid action, and the conveyance of the Tebo & Neosho Railroad Company to the defendant, was duly filed with the secretary of the state of Missouri, January 4th, 1871, and properly recorded. The defendant company afterwards constructed or finished the construction of the road on the portion of the line thus purchased, and has since operated the said road in Missouri, Kansas and Texas as a continuous line.

The injury for which this action is brought is alleged to have occurred in the state of Missouri, on part of the line of the road purchased and acquired by the defendant in the manner aforesaid. And the question is, whether the defendant company is, for jurisdictional pur-

poses, as respects this action, to be considered in this court as a citizen of the state of Kansas. If so, this court, it was conceded, has jurisdiction of this suit. If not, it is admitted, that the cause should be remanded to the state court.

Johnson & Boon and J. La Due, for plaintiff.
Phillips & Vest, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. The question here presented is important, since it involves the right of the defendant, which runs and operates a long line of railroad within the state of Missouri, to have access to the federal courts therein.

We have given to the statute of Missouri, which controls its decision, and to the judgments of the supreme court of the United States, having a bearing upon it, careful consideration, and our opinion is that the cause was properly removed into this court.

Upon the statute and facts brought to our attention it is plain that the defendant is a Kansas, and not a Missouri corporation. If so, then it is "for the purposes of federal jurisdiction to be regarded as if it were a citizen of the state where it was created, and no averment or proof as to the citizenship of its members elsewhere will be permitted." Railroad Co. v. Harris, 12 Wall. [79 U. S.] 65, 81; Railway Co. v. Whitton, 13 Wall. [80 U. S.] 270, 285; Louisville, C. & C. R. Co. v. Leston, 2 How. [43 U. S.] 497. It is an admitted fact that the defendant company was originally organized under the incorporation laws of the state of Kansas, and hence is a Kansas corporation, and for jurisdictional purposes in the federal courts is considered to be a citizen of that state; but it is claimed by the plaintiff that the defendant, by virtue of its purchase of part of the line of the Tebo & Neosho Railroad Company, under the Missouri act of 1870, became, as to the line thus purchased, a corporation of the state of Missouri, and hence cannot litigate in the federal court therein with a citizen of the same state.

After an attentive examination of the statute of Missouri in question, under which the defendant purchased part of the line of the Tebo & Neosho Company, and constructed the road it operates in the state of Missouri, it is our opinion that the defendant did not thereby cease to be, even in the state of Missouri, a Kansas corporation. nor did it become, as to the road within the state of Missouri, a new and distinct corporation created by the laws thereof. There is no language in the Missouri act which re-incorporates it or which purports to create a new corporation; but the whole scope of that part of it conferring upon corporations of another state the power to purchase and operate roads in Missouri, is, that such corporations retain their identity, and remain foreign corporations. but subject to taxation, and to all the duties, liabilities

and provisions of the laws of Missouri, the same as corporations created under such laws. Among other things, they are to establish an office on the line of roads acquired, under the act, "at which legal process and notice may be served as upon railroad corporations of this state."

The case is strikingly analogous to that of Baltimore & O. R. Co. v. Harris, 12 Wall. [79 U. S.] 65, in which it was held that similar legislation on the part of the state of Virginia, and of congress in respect to the District of Columbia, did not create a new corporation of the Baltimore & Ohio Railroad Company, originally chartered by the state of Maryland, and which constructed extensions of the road through Virginia, and within the District of Columbia. The case before us is unlike that of the Ohio & M. R. Co. v. Wheeler, 1 Black. [66 U. S.] 286, in which a railroad company chartered by the laws of Indiana and licensed by Ohio, sued a citizen of Indiana in the federal court of the latter state, and where the judgment of the supreme court was against the jurisdiction.

The object of the legislation of Missouri under consideration is obvious. Without the sanction of the legislature a domestic corporation of that state would have no power to sell out to another company all or part of its road and franchises, and a foreign company without such sanction would have no authority to purchase and operate the road of a domestic corporation. The various provisions of the act show that the legislature designed to encourage the building of railroads and to facilitate the making of continuous or connected lines, by authorizing, as far as it could, its own companies to extend their roads into other states, and by conferring upon the companies of other states the right to lease or to buy, and to build and operate roads within its limits. But as above observed, it did not create such companies new corporations, but simply gave them on the conditions stated, the rights, powers and immunities specified in the act. It is, therefore, unnecessary to consider in this case what would have been the effect on the jurisdiction of this court, if the legislature of Missouri had undertaken to make new or domestic corporations of the companies of other states coming into it, under the act of 1870. Nor have we any occasion to determine how far such a case would be controlled by that of Wheeler (1 Black [66 U. S.] 287), nor how far the doctrines of that case have been modified by the subsequent decisions of the same tribunal.

The motion to remand is accordingly overruled. Motion denied.

NOTE. As to the effect on federal jurisdiction (where it is dependent upon the citizenship of the parties) of charters granted by different states to the same company or to companies constructing the same line of road, and as to the effect of consolidation on the jurisdiction of the federal courts, the following are the principal cases: Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 286; Baltimore & O. R. Co. v. Har-

ris, 12 Wall. [79 U. S.] 65; Chicago & N. W. R. Co. v. Whitton, 13 Wall. [80 U. S.] 270. See, also, Marshal v. Baltimore & O. R. Co., 16 How. [57 U. S.] 314; Baltimore & O. R. Co. v. Gallahue's Adm'rs, 12 Grat. 658; Baltimore & O. R. Co. v. Supervisors, 3 W. Va. 319; Goshorn v. Supervisors, 1 W. Va. 308. See Chicago & N. W. Ry. Co. v. Chicago & P. Ry. Co. [Case No. 2,665], decided by Circuit Judge Drummond, as to the effect of consolidation under charters of different states and the citizenship of the consolidated company.