## Case No. 2,174.

BURNHAM et al. v. CHICAGO, D. & M. R. CO. et al.

[4 Dill. 503.][1]

Circuit Court, D. Iowa. 1876.

REMOVAL OF SUITS — LOCAL PREJUDICE AND INFLUENCE ACT—REVISED STATUTES, SECTION 639, SUBDIVISION 3 — ACT OF MARCH 3, 1875 — REMANDING SUIT.

A foreclosure suit by trustees in a railway mortgage, who are citizens of Massachusetts, was commenced in one of the state courts in Iowa against the debtor company, which is an Iowa corporation, making an Illinois and an Indiana corporation, each of which claimed liens upon the property, also defendants to the bill. This suit, after all of the defendants had answered, was removed, in 1876, to the circuit court of the United States for the district of Iowa, upon petition of the plaintiffs, under the act of 1867,—[14 Stat. 558] Rev. St. § 639, subdivision 3,—and the debtor corporation moved to remand the same to the state court, because all of the defendants were not citizens of the state in which the suit was brought: Held, inasmuch as the case was one clearly within section 2 of the act of March 3, 1875 [18 Stat. 471], in respect of removals, and the controversy one in relation to the priority of liens between citizens of different states, that the circuit court had jurisdiction, and that it should not be remanded.

The plaintiffs [Joseph A. Burnham and James Blake], citizens of Massachusetts, are trustees in an ordinary railway mortgage, executed by the defendant, the Chicago, Dubuque, and Minnesota Railroad Company, an Iowa corporation, and brought this bill in the

state court (circuit court of Dubuque county), to foreclose the mortgage. The bill is in the usual form. It makes defendants thereto the said debtor railroad company, above named, and also the Haskell & Barker Car Company, an Indiana corporation, and the Chicago, Burlington, and Quincy Railroad Company, an Illinois corporation. As against the Chicago, Dubuque, and Minnesota Railroad Company (the corporation debtor), the bill alleges the execution of the mortgage for $4,425,000, default in payment of interest, and asks an account, the appointment of a receiver, and a decree of foreclosure. In respect to the Haskell & Barker Car Company, the bill alleges that that company furnished, as it claims, certain rolling stock to the Chicago, Dubuque, and Minnesota Railroad Company to the amount of $62,047.12, under an agreement by which the said car company claimed that it retained the title until payment, and it is alleged that it claims a lien on the said rolling stock, and to be first paid out of the proceeds of the sale. The plaintiffs ask "the court to inquire into this claim and to make such decree as equity requires." In respect of the Chicago, Burlington, and Quincy Railroad Company, the bill alleges that it claims a lien for taxes paid on the property covered by the mortgage, for about $10,000, and the sum of $99,183 for labor and materials furnished in the construction of the road of the corporation debtor—the Iowa corporation. The bill prays "that the equities of the defendant's claims and liens may be determined, to the end that the purchasers under the decree may acquire an absolute title, and that a decree of foreclosure be entered."

This bill was filed in the state court, January 13, 1875—the court being then in session. On the same day the court appointed a receiver. At the same term (January term, 1875), the main debtor, the Chicago, Dubuque, and Minnesota Railroad Company, filed an answer, admitting the mortgage and default; that there is due the Haskell & Barker Car Company the sum of $56,443.13; and that the Chicago, Burlington, and Quincy Railroad Company paid the taxes, and furnished labor and materials, as alleged. The case went over to the next (April) term. At the April term, 1875, one Rouse, a citizen of Iowa, applied, under the state code and practice, to intervene, and was allowed to do so, and he set up in his petition of intervention a mechanic's lien on the railroad sought to be foreclosed, for $14,048.68, and asked the establishment of such lien, and that it be declared a first lien as against the plaintiffs. At the same April term, an intervening petition was filed by one Callahan, a citizen of Iowa, stating that he had done a large amount of work for the railroad company, "or a construction company," held the note of the railroad company therefor, and asking an order that the receiver be directed to pay him. At the same April term, the Iowa Pacific Railroad

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Company, an Iowa corporation, filed a petition of intervention, claiming a lien, asking to have a certain contract with the main defendant specifically executed and decreed to be a specific lien prior to the plaintiffs' mortgage. To this the Chicago, Dubuque, and Minnesota Railroad Company filed a demurrer. At the same April term, 1875, the Chicago, Burlington, and Quincy Railroad Company, an Illinois corporation, filed a petition of intervention, claiming a first lien for the taxes and labor and materials mentioned in the plaintiffs' bill of complaint, and praying that it may be established and recognized in any decree of foreclosure that may be entered. On the 6th of September, 1875, this answer was amended. The case went over, at the April term, to the September term, 1875, no petition to remove the same having been made at the April term. At the September term, 1875, the plaintiffs filed a petition to remove the cause into this court, under the act of March 3, 1875, on the ground that the various parties were citizens of different states. The state court ordered the removal. At the October term, 1875, of the United States circuit court for the district of Iowa, a copy of the record was filed therein, and, on motion of the corporation debtor (the railroad company), the cause was remanded to the state court, because the removal was not in time under the act of March 3, 1875 [18 Stat. 471]. under which the removal was sought. At the January term, 1876, of the state court, to which the cause had been remanded, the plaintiffs filed a petition and affidavit, to remove the cause under the act of March 2, 1867,—[14 Stat. 558] Rev. St. § 639, subd. 3,—and gave the proper surety, and the removal was ordered. The petition for removal states, inter alia, that "the said plaintiffs are citizens of Massachusetts, and the defendants and intervenors are all citizens of Iowa, except the Chicago Burlington, and Quincy Railroad Company, which is a citizen of Illinois, and the Haskell & Barker Car Company, which is a citizen of Indiana." And now, at the May term of the circuit court, a motion to remand the cause is made by the corporation debtor. The main ground of the motion is that the cause is not removable under the said act, because all of the defendants are not citizens of the state in which the suit is brought—two of them, to-wit, the Haskell & Barker Car Company, and the Chicago, Burlington, and Quincy Railroad Company, being citizens of other states than the state of Iowa. [Motion denied.]

H. B. Fouke, for motion.
James Grant and George Crane, contra.

Before MILLER, Circuit Justice, DILLON, Circuit Judge, and LOVE, District Judge.

MILLER, Circuit Justice, briefly stated his views, in substance, as follows: It is probable that, as the law stood prior to the passage of the act of March 3, 1875, the fair effect or construction of the Sewing Machine Cases, 18 Wall. [85 U. S.] 553, would require the circuit court to remand the case to the state court. In saying this, however, and in what I shall say of the effect of the act of 1875 on the question, it is to be borne in mind that I did not concur in the decision of the case in 18 Wallace [85 U. S.], and have never believed it was sound law. How far this may affect my present opinion, I cannot say, though I commence with the conviction, or concession, that if the statutes had remained as they were when that case was decided, it would govern the present case. The case of the Sewing Machine Company was decided in the supreme court very largely on two propositions: First, that all legislation prior to the act of 1866 had provided that the defendants alone could remove who had been sued where they did not reside; and, secondly, that all the defendants must have this capacity by being non-residents of the state where the suit was brought. And it was argued that the act of 1867, which extended the right of removal to both plaintiff and defendant, and removed the bar of time, save that it must be before final trial or hearing, still required that all the plaintiffs or all the defendants must be non-residents, when the application for removal was made by either of these parties. And, because one of the defendants in that case was not a non-resident of Massachusetts, the application for removal by those who were, was held to be properly overruled.

Now, the whole theory of this case is overturned by the 2d section of the act of 1875 [18 Stat. 471]. The distinction between the plaintiffs and defendants as to the right of removal is abolished, and either party may apply for the removal, if done before or at the first term at which the case was triable. It is obvious that this case was removable under the act of 1875, without the aid of the act of 1867 [14 Stat. 558], if the first application had been made at the April term, 1875. The last clause of the 2d section is also very significant, wherein it is declared "when the controversy is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove," etc. I understand this controversy to be one of priority lien between citizens of different states, and to come within this clause.

If, then, the generality of the language of the act of 1867 was limited by the construction given to the act of 1789 and subsequent statutes, such limitation ought to cease after the act of 1875, which gives the more enlarged right, which is in exact conformity to the spirit of the act of 1867. Motion denied.

See Arapahoe County v. Kansas Pacific R. Co. [Case No. 502.]