STAPLES (TREAT v.). See Case No. 14,-162.

## Case No. 13,303.

### STAPLETON v. REYNOLDS et al.

[9 Chi. Leg. News, 33; 16 Am. Law Reg. (N. S.) 48; 22 Int. Rev. Rec. 345.]

District Court, S. D. Ohio. Oct. Term, 1876.

REMOVAL OF CAUSES — PETITION BY ONE DE-
FENDANT.

1. In a suit by a plaintiff of one state against several defendants of a different state, where the sum in dispute exceeds, exclusive of costs, the sum of five hundred dollars, where the matter in controversy is wholly between them, and which can be fully determined between the plaintiff and the defendants, either of the defendants actually interested in the controversy may remove such suit to the circuit court of the United States.

2. The removal of a suit by one of the defendants, under such circumstances, removes it as to all of the defendants.

3. To accomplish such removal, it is not necessary that all of the defendants should join in the petition for removal.

[This was a suit by Catherine Stapleton, administratrix, against E. P. Reynolds and others.] Motion to remand the cause to the superior court of Cincinnati.

Mr. Colston, for plaintiff.

Jordan & Saylor, for defendants.

SWING, District Judge. The following facts appear from the record in the cause: On the 18th day of November, A. D. 1875, the plaintiff filed her petition in the superior court of Cincinnati, against the defendants, E. P. Reynolds, Thomas Saulspaugh, W. B. Shute and John Creupaugh, partners, as Reynolds, Saulspaugh & Co. The petition states in substance, that Daniel Stapleton, whilst in the employ of the defendants, in the construction of the bridge across the Ohio river for the Southern Railroad, through their negligence was killed; that he left the plaintiff, his widow, and three children, and claims ten thousand dollars damages, for which she asked judgment. On the 18th day of November, 1875, a summons was issued, which was served personally upon the defendant, E. P. Reynolds, on the 19th of November, and as to the other defendants, returned "not found;" on the 29th of November, a second summons was issued, which was returned on the 13th day of December as to all the defendants "not found." On the 18th day of December, the defendant, E. P. Reynolds, filed his separate answer, stating in it "that it was in his personal capacity, and that he did not appear for his co-defendants, or for the firm," and denying the material allegations of the petition. On the 6th day of March, 1876, a third summons was issued, which was served personally upon the defendant, John Creupaugh, on the 9th of March, and returned "not found" as to the other defendants. On the 20th day of March a fourth summons was issued, which was returned on the 3d of April

"not found;" on the 5th of April a fifth summons was issued, which was served personally upon the defendant, Thomas Saulspaugh, on the 15th of April, and on the 20th of April returned "not found" as to the defendant W. B. Shute. On the 7th day of April, John Creupaugh filed his answer, the same in reservation and denial as that of E. P. Reynolds. On the 19th day of April a sixth summons was issued, which was on the 23d day of April served upon the defendant W. B. Shute. On the 4th day of May the defendant Thomas Saulspaugh, filed his separate answer, the same in reservation and denial as that of the defendant E. P. Reynolds. On the 4th day of May E. P. Reynolds filed his motion for security for costs, which was granted by the court on the 8th day of May, and which was given on the same day. On the 6th of May, the defendant W. B. Shute, not entering his appearance for any other purpose than the motion, filed his motion to set aside the service of the summons upon him, which motion was overruled by the court on the 20th day of May, and a bill of exceptions was taken on the same day to the overruling thereof, and on the same day a default for answer was entered by the clerk against him, which default, on the 29th day of May, was set aside, and five days given him within which to answer. On the 2d day of June the defendants Thomas Saulspaugh and W. B. Shute filed their petition for removal of the cause into the circuit court of the United States. The petition alleges that all of the defendants are citizens of the state of Illinois, and that the plaintiff is a citizen of the state of Kentucky; that the controversy in suit is wholly between citizens of different states, which can be determined between them, and that the matter in dispute exceeds the sum of five hundred dollars exclusive of cost, that the cause has not been tried and the petition is filed at the term of the court at which it could first be tried. A good and sufficient bond was filed and, on the 14th day of June, the superior court, upon hearing of the petition for removal, found all the allegations of the petition to be true, and ordered the cause to be removed to the circuit court of the United States. On the 1st of July, the plaintiff filed in the superior court her motion to set aside the order of removal, and on the 3d day of October, 1876, being the 1st day of the October term, the defendant filed in the circuit court of the United States the transcript of the record in said cause, and on the same day the plaintiff filed her motion to remand the cause to the superior court, first as to all of the defendants; second, as to the defendants, Reynolds, Saulspaugh and Creupaugh.

The plaintiff claims that the cause shall be remanded because the petition for removal was not filed by all of the defendants, at the first term at which it could have been tried. But if the court should be of the opinion that it should not be remanded as to all the defendants, then it should be remanded as to all,

except W. B. Shute, who it is admitted filed his petition for removal within the time prescribed by the law. The record shows, that as to all the defendants except W. B. Shute. the cause was at issue before the June term of the superior court, and if a separate trial could have been had as to each defendant, such trial could have been had at a term before the June term at which the removal was made, that no such trial was demanded or claimed by either party, until the defendants were all served with process and issue joined as to each of them; the record also shows that but two of the defendants joined in the petition for the removal of the suit.

That the suit was removable by the defendant. W. B. Shute, I think clear from the provisions of the act of March 3, 1875, regulating the removal of causes to the circuit court of the United States. The act, after providing that the amount in dispute shall exceed, exclusive of costs, the sum of five hundred dollars, and shall be between citizens of different states, says: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined between them, then either one or more of the plaintiffs or defendants actually interested in such controversy, may remove said suit in the circuit court of the United States for the proper district." The record shows that the matter in dispute exceeds. exclusive of costs. the sum of five hundred dollars; that it is wholly between citizens of different states, and can be fully determined between them, and that W. B. Shute is actually interested in the controversy. Possessing all these requisites, the defendant W. B. Shute and this suit are clearly brought within the express language of the act.

The defendant W. B. Shute having removed the suit, what was the effect of such removal upon the other defendants? The language of the act is, "may remove said suit." The suit in this case is against the defendants jointly, and is an entirety, a single cause of action, and if the suit be removed, no part of it remains in the court from whence the removal was made; but a subsequent section of the act, after providing for the steps which must be taken by any one of the defendants entitled to remove the suit, to wit, the filing of the petition and the making and filing of the bond, says: "It shall be the duty of the state court to accept said petition and bond, and proceed no further in such suit," the suit having been removed to the circuit court. Such court obtains full jurisdiction of the subject-matter, and of all the parties thereto, and can fully determine the controversy between all the parties to the suit; to give the construction contended for by the plaintiff would divide the suit, placing a part of it to be tried in one court, subject to its rulings and decisions in the trial, and a part of it in another court, whose rulings and decisions might be entirely at variance with the first;

and increasing greatly the costs and expenses of the litigation; this would be contrary to judicial policy, and such a construction as could not have been contemplated by the makers of the law. In the judgment of the court, therefore, the entire suit was upon the petition of defendant W. B. Shute removed into this court, and it was not necessary to such removal that the other defendants should have joined in the petition for removal. The motion to remand the cause is therefore overruled.