TARVER *et al. vs.* FICKLIN *et al.*

Under the act of congress of 1875, a cause in equity, brought by a complainant who is a citizen of Virginia, against defendants, all of whom reside in Georgia, except one who was a member of the Georgia firm but now lives in New York, will be removed from the superior court of Georgia to the circuit court of the United States for the southern district of Georgia, on petition and affidavit in due form, although the defendants may set up certain equities among themselves by cross-bill or other pleadings, the application for removal having been made at the first term of the superior court to which the bill was returnable.

Removal of causes. United States Courts. Before Judge CRISP. Baker Superior Court. November Term, 1877.

Reported in the opinion.

D. H. POPE; WARREN & HOBBS, for plaintiffs in error.

R. N. ELY; D. A. VASON, for defendants.

JACKSON, Judge.

This was a bill filed by the complainant, Ficklin, who was a citizen of Virginia, against sundry citizens of Georgia, and a Georgia partnership, one member of whom was, at the time the bill was filed, residing in the city of New York. Application was made at the first term of the superior court of Baker county, where the bill was filed, to move the cause to the circuit court of the United States for the southern district of Georgia, under the act of congress of 1875; the court refused the application because notice had not been given to all the defendants, and that judgment was brought here by Ficklin and reversed at the last term of this court. After the application for removal was made, the defendants interpleaded among themselves by answers in the nature of cross-bills or otherwise, and objected to removal to the federal court on that ground; when the case went back to the superior court, the court over-ruled this objection and granted the order to remove the cause, and now the defendants except and say that the court erred.

We see no error in the ruling of the court. Ficklin is a resident and citizen of Virginia and all the others of Georgia, except one who now lives in New York, but was a member of a Georgia partnership and lived in Georgia at the time this controversy arose. Even had he never lived in Georgia, he lives in a state different from the complainant, and as all the defendants reside in states other than that which is the home of complainant, and enough of them in Georgia to give the circuit court jurisdiction, the case falls within the act of congress of 1875. It would be strange if the equitable defenses set up by defendants *inter sese* should operate to deprive the complainant of his right to remove the cause. It might be done with that intent, and thus defeat the act wherever two or more defendants are sued.

But this case was virtually decided when here before. It will be seen by reference to the opinion of the court then delivered by Judge Bleckley, 59*th Ga.*, 263, that while

the court ruled that notice to defendants was not necessary, the general merits of the case were fully considered, and the right to remove settled upon reason and authority, leaving only the single question for us now, to-wit: can the defendants, by pleadings and contentions among themselves, filed after the application to remove is made, deprive the complainant of his right to remove his cause, when the law in other respects is complied with? Clearly not, even if these pleadings had been in when the application was made, if made in time; *a forticri* not, when these altercations are made among the defendants after the complainant has applied to remove the case.

Judgment affirmed.