## Case No. 8,562.

### LOW v. WAYNE COUNTY SAV. BANK.

[14 Blatchf. 449.] [1]

Circuit Court, S. D. New York. May 18, 1878.

REMOVAL OF CAUSES — JURISDICTION OF FEDERAL COURT—CITIZENSHIP—AMOUNT INVOLVED—ARISING UNDER CONSTITUTION OR LAWS OF UNITED STATES.

Under section 2 of the act of March 3, 1875 (18 Stat. 470). a civil suit brought in a state court, where the matter in dispute exceeds, exclusive of costs, $500, and in which there is a controversy between citizens of different states, may be removed into the circuit court of the United States, even though the case is not one arising under the constitution, laws or treaties of the United States.

At law.

Benjamin Low, in pro. per., for the motion.

Frank & Weiss, opposed.

BLATCHFORD, Circuit Judge. This suit was removed into this court under the provisions of section 2 of the act of March 3, 1875 (18 Stat. 470). That section provides, that "any suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens or subjects, either party may remove said suit into the circuit court of the United States for the proper district." When this suit was brought in the state court, the plaintiff was a citizen of the state of New York, and the defendant was a corporation created by the state of Pennsylvania. The defendant removed the suit into this court. The alleged ground of removal was, that there was in the suit a controversy between citizens of different states, and that the matter in dispute exceeded, exclusive of costs, the sum or value of $500. The suit was brought to recover $600, for professional services rendered to the defendant by the plaintiff, as an attorney and counsellor at law. The plaintiff now moves to remand the cause to the state court.

It is contended, for the plaintiff, that the statute specifies, first, the kind of causes

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

which are removable, namely, causes involving more than $500, when said causes are also causes arising under the constitution or laws or treaties of the United States; and, second, the persons who may remove the suit. It is also contended, that, even where the matter in dispute exceeds $500, and there is a controversy in the suit between citizens of different states, the suit is not removable, unless, also, the suit arises under the constitution, laws or treaties of the United States. This is not a sound proposition. The proper construction of the statute, is, that, to be removable, the suit must, in all cases, be a suit of a civil nature, and the matter in dispute must exceed, exclusive of costs, the sum or value of $500; and that, in addition, the suit must either be one arising under the constitution, or laws or treaties of the United States, or else must be one in which the United States are the plaintiff or the petitioner, or else must be one in which there is a controversy between citizens of different states, or else must be one in which there is a controversy between citizens of the same state claiming lands under grants of different states, or else must be one in which there is a controversy between citizens of a state and foreign states, citizens or subjects. Under that construction, this case was properly removed.

There is nothing in the decision in the case of Gold Washing and Water Co. v. Keyes, 96 U. S. 199, which sanctions the ground taken on the part of the plaintiff. The ground of removal in that case was not diversity of citizenship, but was that the suit arose under certain specified acts of congress, and the decision was that, in such a case, it must appear by the record that the suit arose, in part, at least, out of a controversy between the parties in regard to the construction or effect of the statutes, on the facts involved. The motion to remand is denied.