## Case No. 16,832.

### VAN BRUNT v. CORBIN et al.

[14 Blatchf. 496.] [1]

Circuit Court, E. D. New York.  June 13, 1878. [2]

REMOVAL OF CAUSES—CITIZENSHIP.

A suit in which the plaintiff is a citizen of New York, and three of the defendants are citizens of New York, and one defendant is a citizen of Ohio, and one defendant is a citizen of Indiana, and none of the parties are nominal parties, cannot be removed into this court, under the act of March 3, 1875 (18 Stat. 470).

[Cited in Boyd v. Gill, 19 Fed. 147.]

[This was an action of ejectment by Catherine Van Brunt against Austin Corbin and others. Heard on a motion to remand to the state court.]

Andrew G. Cropsey, for plaintiff.
Alfred C. Chapin, for defendants.

BENEDICT, District Judge. This is a motion to remand this cause to the state court, whence it has been removed by filing a petition and bond, by virtue of the provisions of the act of March 3, 1875 (18 Stat. 470). The suit is an action of ejectment. The plaintiff is a citizen of the state of New York. Of the five defendants, three are citizens of the state of New York, one is a citizen of the state of Ohio, and the other is a citizen of the state of Indiana. None of the parties are nominal parties. All of the defendants joined in the petition for removal, and the whole suit is sought to be transferred to this court.

The right to retain this cause in this court is sought to be upheld upon the authority of

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
2 [Affirmed in 105 U. S. 576.]

a decision made by Mr. Justice Bradley, in Girardey v. Moore [Case No. 5,462], where it was determined by that eminent judge, that, under the act of March 3d, 1875, the right of removing a cause from the state court to the circuit court of the United States, exists in all cases where there are substantial parties, citizens of different states, on opposite sides of the cause, although there are parties on opposite sides who are citizens of the same state. I am prevented from adopting this view of the statute, by a decision of the circuit judge of this circuit, in Petterson v. Chapman [Case No. 11,042], where it was held, that, to authorize a removal under the act of March 3d, 1875, each individual plaintiff must have a different state citizenship from that of each individual defendant. This decision now furnishes the law for this circuit, and, in accordance with such authority, it must be held, in this case, that, inasmuch as here there is but one controversy, to which all the parties in the suit are substantial parties, and where some of the defendants are citizens of the same state with the plaintiff, the suit is not one. in which there is a controversy between citizens of different states, within the meaning of the act of March 3d, 1875.

This conclusion renders it unnecessary to consider the other grounds of objection to the proceedings. The motion to remand is granted.

[Subsequently a writ of error was sued out from the supreme court. where the order to remand was affirmed. 105 U. S. 576.]