## GREENE *v.* KLINGER.[*]

### SAME *v.* SAME.

### SAME *v.* SAME.

(*Circuit Court, E. D. Texas.* February, 1882.)

1. REMOVAL OF SUITS—ACT OF MARCH 3, 1875.

   Under the second clause of the second section of the act of March 3, 1875, (18 St. 470,) when in any suit mentioned therein there is a controversy wholly between citizens of different states, which can be fully determined as between them, then either one or more of the plaintiffs or the defendants actually interested in such controversy may, on complying with the requirements of the statute, remove the entire suit.

   *Barney* v. *Latham,* 103 U. S. 205, followed.

2. SAME—WARRANTOR.

   And one who was not sued by the plaintiff, but was brought into the suit as warrantor, on the motion of the defendant, has the same right to remove as if he had been an original defendant.

3. LANDLORDS AND WARRANTORS—SECTIONS 4788, 4789, REVISED CODE OF TEXAS.

   The same rights are given landlords in suits for lands by section 4789 of the Revised Code of Texas, as in the same kind of suits are given to owners and warrantors by section 4788 of same Code.

*Walton, Greene & Hill,* for the motion.

*Hancock & West, contra.*

PARDEE, C. J. The above cases have been up and heard three times on motions to remand to the state court from which they were removed:

*First.* Before Judge Duval at the October term, 1879, who denied the motion, giving elaborate reasons. The statement of the case, the grounds of motion, and the reasons of Judge Duval, are reported in 10 Cent. Law J. 47. *Second.* Before Judge Woods, then circuit judge, at the October term, 1880, who also denied the motion, but who afterwards expressed himself as dissatisfied with his decision and suggested a reargument. *Third.* Before me at this term.

Since the decision of Judge Woods, the points involved have been passed upon by the supreme court in the case of *Barney* v. *Latham,* 103 U. S. 205, with Judge Woods (now Justice Woods) on the bench and not dissenting.

In that case it was decided that under the second clause of the second section of the act of March 3, 1875, when in any suit mentioned

[*]Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

therein there is a controversy wholly between citizens of different states which can be fully determined as between them, then either one or more of the plaintiffs or the defendants actually interested in such controversy may, on complying with the requirements of the statute, remove the entire suit.

In these cases under consideration it appears that at the time of application for removal the plaintiffs and all of the defendants, except Morgan C. Hamilton, were citizens of the state of Texas, and that defendant Hamilton was a citizen of New York. It further appears that the suits were actions of trespass to try title to real estate wherein defendant Morgan C. Hamilton is the grantor and warantor of title to all the other defendants.

Section 4788 of the Revised Statutes of the state provides that—

"When a party is sued for lands the real owner or warrantor may make himself or may be made a party defendant in the suit, and shall be entitled to make such defence as if he had been the original defendant in the action."

Section 4811 of the same provides that—

"Any final judgment rendered in any action for the recovery of real estate, hereafter commenced, shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered," etc.

Now, as Hamilton was a party entitled to defend and liable to be included by the judgment rendered, there must have been a controversy between him and other parties to the suit. It is easy to see that that controversy was as to whether Hamilton had acquired from his grantor a just title as owner of the property sued for, and was bound to warrant and defend this title of the other defendants. That controversy was between him and citizens of a different state, as all the other parties were citizens of Texas. It was wholly between him and citizens of a different state, as no other defendant appears to have been interested in the controversy except adversely to him. It seems, also, to be clear that the controversy between Hamilton and citizens of a different state was one which could be fully determined as between them. It further is shown that there was a controversy between Hamilton and the other defendants, all citizens of a different state from Hamilton, because it appears that under the statute Hamilton was brought into the case and made a party defendant on the motion of the other defendants.

Counsel very earnestly insists that the plaintiff has no controversy with Hamilton, and asks no judgment nor relief against him. This

may be true, and yet not affect the question, as we have seen in *Barney* v. *Latham* that if the proper controversy exists, and the proper steps are taken, the entire suit may be removed.

The case as it stands now only differs in condition from the way it was presented to Judge Duval, whose decision I have referred to, in so far as Hamilton's position as a grantor and warrantor differs from what it would be as landlord to the other defendants. Counsel for mover concurs fully in the correctness of the decision rendered by Judge Duval.

An examination of section 4789, Rev. Code of Texas, shows that exactly the same rights are given the landlord in suits for lands as in the same kind of suits are given to owners and warrantors by section 4788 of the same Code hereinbefore cited, and I am unable to see any substantial distinction that can be drawn between the cases. Where the tenant is sued and the landlord is brought in, the whole burden falls on the landlord; and if the plaintiff recovers, while the tenant is evicted, the landlord is bound for his damages. Where the grantee is sued and the warrantor is brought in, the whole burden falls on the warrantor; and if the plaintiff recovers while the grantee is evicted, the warrantor is bound for his damages. In the one case the tenant may recover for his improvements precisely as the grantee may in the other.

The other questions raised on the motion to remand are finally settled by the decision of Judge Duval, *supra*. See *Cole Silver Mining Co.* v. *Virginia Co.* 1 Sawy. 685.

It is proper to state that counsel have brought and reargued this motion to remand on the suggestion of Judge Woods, and that, therefore, while the motion is denied, the costs made will follow the judgment in the case as finally determined.

Let judgment be entered denying the motion, without costs.

## NOTE.

SUITS REMOVABLE. The suits which are removable under this section are suits of a civil nature, at law or in equity, and it does not extend to criminal cases.(a) The fact that the claim is legal as distinguished from equitable has no bearing on the question of the right of removal.(b) So, where an action commenced in a state court in which the distinction between legal and equitable procedure is done away with, is removed, it is removed to that side of the court where appropriate relief can be obtained.(c) The suit must be a suit within the meaning of the state law;(d) and where there is no controversy the suit cannot be removed,(e) as where default has been made.(f)

The jurisdictional limitation as to the amount in controversy has reference to the sum in dispute between the plaintiff and the defendant.(g) The claim of the plaintiff and not the counter-claim of the defendant should fix the amount in dispute;(h) and the petition should affirmatively state the amount;(i) and if the amount in dispute exceeds $500, exclusive of costs, at the time of the application, the case is removable, although the requisite amount did not exist when the suit was commenced.(j) The sections of the statute of 1875 should be construed together, and the remedy should not be allowed, where the plaintiff is assignee, unless the assignee might have brought suit in the federal court;(k) so, a party cannot acquire the right to remove by purchasing the interest of a co-defendant.(l)

Whenever the decision of a case depends upon the construction of the constitution of the United States, an act of congress, or treaty, the case may be removed if the matter in dispute exceeds $500.(m) A suit arises whenever upon the whole record there is a controversy involving the construction of either;(n) but they must be directly and not incidentally called in question;(o) and if a suit involves a federal question it may be removed, although other questions founded on principles of general law may be involved;(p) and although a state is plaintiff;(q) and the citizenship of the parties has nothing to do with the question.(r) If the plaintiff is a corporation, created by an act of congress, the case arises under the laws of congress;(s) but it is otherwise in the case of a national bank.(t) Cases involving questions under the bank-

·(a) Rison v. Cribbs, 1 Dill. 184; Green v. U. S. 9 Wall. 653; State v. Grand Trunk Ry. 3 Fed. Rep. 887.

(b) Ketchum v. Black River Lumber Co. 4 Fed. Rep. 139.

(c) Benedict v. Williams, 10 Fed. Rep. 208.

(d) In re Iowa & M. Const. Co. 6 Fed. Rep. 799.

(e) Shumway v. Chicago & Iowa R. Co. 4 Fed. Rep. 385; Fashnacht v. Frank, 23 Wall. 416.

(f) Berrian v. Chetwood, 9 Fed. 678.

(g) N. Y. Silk Manuf'g Co. v. Second Nat. Bank. 10 Fed. Rep. 204.

(h) Falls Wire Manuf'g Co. v. Broderick, 6 Fed. Rep. 654. Contra, Clarkson v. Manson, 4 Fed. Rep. 257.

(i) Keith v. Levi, 2 Fed. Rep. 743.

(j) Clarkson v. Manson, 4 Fed. Rep. 257.

(k) Berger v. Douglas Co. 5 Fed. Rep. 23.

(l) Temple v. Smith, 4 Fed. Rep. 392.

(m) Gold Washing & W. Co. v. Keyes, 96 U. S. 199; Woolridge v. McKenna, 8 Fed. Rep. 650; Connor v. Scott, 4 Dill. 242; New Orleans, M. & T. R. Co. v. Mississippi, 102 U. S. 135.

(n) Cohens v. Virginia, 6 Wheat. 264; Mayor of N. Y. v. Cooper, 6 Wall. 247; Tennessee v. Davis, 100 U. S. 275; Van Allen v. Atchison, C. & P. R. Co. 3 Fed. Rep. 545; Hatch v. Wallamet Iron B. Co. 11 Law Rep. (N. S.) 630.

· (o) State v. Bowen, 8 Rich. (N. S.) 382. ·

(p) Connor v. Scott, 4 Dill. 242.

(q) New Orleans, M. & T. R. Co. v. State, 13 Chi. Leg. News, 93.

(r) Wilder v. Union Nat. Bank, 12 Chi. Leg. News, 75.

(s) Union Pac. R. Co. v. Macomb, 1 Fed. Rep. 799.

(t) Pettilon v. Noble, 7 Biss. 449.

rupt act are removable;(*u*) or cases under the homestead laws of the United States;(*v*) or under the act of congress respecting customs and duties;(*w*) but the erroneous levy of state taxes does not involve a federal question.(*x*)

The first clause of this section relates only to cases where there is a single individual controversy, and in which all the parties on the moving side are necessary parties, when all must unite.(*y*) The requisite citizenship must exist at the time of filing the petition(*z*) as well as at the commencement of the suit.(*a*) The circuit court, under this clause, has no jurisdiction between a citizen of one state and citizens of the same state and another state;(*b*) so, where there were three defendants, one being a citizen of the state with the plaintiff, the case was not removable.(*c*) In a suit between a foreign citizen and citizens of various states the removal was allowed where all but one of the defendants applied;(*d*) so it was held that the objection to the removal, founded on the citizenship of one of the parties, is not favored after an expiration of 18 months.(*e*) A suit brought by a citizen of another state against a citizen of England may be removed.(*f*) The citizenship of an infant governs the right of removal of a cause brought by his regular guardian, his guardian *ad litem*, or his next friend.(*g*) A bill to compel a trustee to apply the income to pay the debts of the *cestui que trust*, and the latter is a non-resident, may be removed.(*h*) The citizenship of a railroad company is not changed by the leasing of a road in another state;(*i*) and in a suit to enjoin the execution of the lease, the president and directors are not such necessary parties as will prevent a removal for their non-joinder.(*j*) For the purposes of jurisdiction, a corporation is considered a citizen of the state which created it, and not of the state under whose laws it has entered to operate in its line of business;(*k*) but if the effect of state legislation be to adopt the corporation, it becomes, for the purposes of jurisdiction, a corporation created by the state so adopting it, and it cannot remove a cause brought in such state.(*l*)

The second clause, however, contemplates cases in which there are persons whose presence is not necessary to the determination of the controversy, when

(*u*) Connor v. Scott, 4 Dill. 242; Houser v. Clayton, 3 Woods, 273; Hebert v. Lefevre, 31 La. Ann. 363.

(*v*) Van Allen v. Atchison, C. & P. R. Co. 3 Fed. Rep. 545.

(*w*) Orner v. Saunders, 3 Dill. 284.

(*x*) Berger v. Douglas Co. 5 Fed. Rep. 23

(*y*) Buckman v. Palisades Land Co. 1 Fed. Rep. 367; Ruble v. Hyde, 3 Fed. Rep. 330; Smith v. McKay, 4 Fed. Rep. 353; Smith v. Horton, 7 Fed. Rep. 270; Removal Cases, 100 U. S. 457; Nat. Bank v. Dodge, 2 Int. Rev. Rec. 304.

(*z*) Curtin v. Decker, 5 Fed. Rep. 385; Beede v. Cheeney, Id. 388.

(*a*) Bruce v. Gibson, 9 Fed. Rep. 540.

(*b*) Karns v. Atlantic & O. R. Co. 10 Fed. Rep. 309. Nor of a suit brought by an alien against an alien. Sawyer v. Switzerland M. Ins. Co. 14 Blatchf. 451; Barrow Cliffe v. La Caisse Generale, 58 How. Pr. 131; Orosco v. Gagliardo, 22 Cal. 83.

(*c*) Hanover F. Ins. Co. v. Keogh, 7 Fed. Rep. 764.

(*d*) Cooker v. Seligman, 7 Fed. Rep. 263.

(*e*) Van Allen v. Atchison, C. & P. R. Co. 3 Fed. Rep. 545.

(*f*) Eureka Consol. M. Co. v. The Richmond Consol. M. Co. 2 Fed Rep. 829. Contra, under section 639, Denniston v. Potts, 19 Miss. 36.

(*g*) Woolridge v. McKenna, 8 Fed. Rep. 650.

(*h*) Broadway Bank v. Adams, 130 Mass. 431.

(*i*) Baltimore & O. R. Co. v. Koontz, 3 Morr. Trans. 34.

(*j*) Pond v. Sibley, 7 Fed. Rep. 129; Nat. Bank of Lyndon v. Wells Riv. Manuf'g Co. 7 Fed. Rep. 750.

(*k*) Williams v. Missouri, K. & T. R. Co. 3 Dill. 267; Missouri, Kans. & T. R. Co. v. Texas & St. Louis R. Co. ante, 497; and see Baltimore & O. R. Co. v. Cary, 28 Ohio St. 208; Allegheny Co. v. Cleveland & P. R. Co. 51 Pa. St. 228.

(*l*) Uphoff v. Chicago, St. L. & N. O. R. Co. 5 Fed Rep. 545; Johnson v. Phila. W. & B. R. Co. 9 Fed. Rep. 6; and see Chicago & W. I. R. Co. v. L. S. & M. S. R. Co. 5 Fed. Rep. 19. As to con-

either one or more of the co-parties may petition for a removal,(m) although the party applying obtained his interest in the property by a conveyance made for the express purpose of conferring jurisdiction; but the conveyance must be *bona fide.*(n)   Under this clause each individual plaintiff must be a citizen of a state different from that of each individual defendant.(o)   The case may be removed where the parties applying have interpleaded,(p) as where intervenors charge fraud and want of jurisdiction.(q)   Either one or more may apply for a removal, although other parties are citizens of the same state with those on the opposite side.(r)   The parties may be so transposed on opposite sides according to their real interests, without regard to their former position on the record, as to effect a determination of their rights.(s)   There may be a removal of that part of a cause which concerns the original parties, notwithstanding that a state statute may declare that the trial as to certain other parties cannot be separated from the trial of the main cause.(t)   Where the action was by a citizen of the state against several defendants, and the circuit court had jurisdiction from the amount in controversy, any one of the defendants may apply for a removal if the matter can be fully determined between them ;(u) but the controversy must be wholly between them ;(v) and the whole suit must be removed;(w) for, if not wholly between them, it cannot be removed although the controversy of the defendant could be disposed of separately.(x)   The suit may be removed although it does not arise under the constitution, treaties, or laws of the United States ;(y) and irrespective of its quality as equitable or legal;(z) or although there may be other controversies in the suit between other parties;(a) or, although the controversy removed is only incidental, as the removal takes the principal controversy and all other controversies to the circuit court;(b) or although one of the controversies taken

solidated railroad companies generally, consult Ohio & M. R. Co. v. Wheeler, 1 Black, 286; Balt. & O. R. Co. v. Harris, 12 Wall. 65; Chicago & N. W. R. Co. v. Whitton, 13 Wall. 270; Williams v. Missouri, K. & T. R. Co. 3 Dill. 267; Marshall v. Balt. & O. R. Co. 16 How. 314; Same v. Gallahue's Adm'rs, 12 Gratt. 658; Chicago & N. W. R. Co. v. Chicago & P. R. Co. 6 Biss. 219; Minot v. Phila. W. & B. R. Co. 2 Abb. (U. S.) 323.

(m) Smith v. McKay, 4 Fed. Rep. 353.

(n) Hoyt v. Wright, 4 Fed. Rep. 168.

(o) Burke v. Flood, 1 Fed. Rep. 541; S. C. 4 Pac. C. L. J. 501; Van Brunt v. Corbin, 14 Blatchf. 496; In re Frazier, 10 Chic. L. N. 390; Ruble v. Hyde, 3 Fed. Rep. 330.

(p) Burdick v. Peterson, 6 Fed. Rep. 840; Tower v. Ficklin, 60 Ga. 373; Healy v. Provost, 25 Int. Rev. Rec. 240. See Postmaster General v. Cross, 4 Wash. C. C. 326; Martin v. Taylor, Id. 1.

(q) Boone v. Iowa & M. Const. Co. 10 Fed. Rep. 401; In re Iowa & M. Const. Co. 10 Fed. Rep. 401.

(r) Girardey v. Moore, 3 Woods, 397; Nat. Union Bank v. Dodge, 25 Int. Rev. Rec. 304. See Shepard v. K. N. L. Pack. Co. 12 Chi. Leg. News, 220.

(s) Burke v. Flood, 1 Fed. Rep. 541.

(t) Ellerman v. New Orleans M. & T. R. Co. 2 Woods, 120.

(u) McLean v. Chicago & St. P. R. Co. 16 Blatchf. 319; Taylor v. Rockefeller, 6 Fed. Rep. 226; Stapleton v. Reynolds, 9 Chi. Leg. News, 33; Evans v. Faxon, 10 Fed. Rep. 312; Hervey v. Illinois & Midland R. Co. 7 Biss. 103; Girardey v. Moore, 3 Woods, 397; First Presb. Soc. of G. B. v. Goodrich T. Co. 7 Fed. Rep. 257.

(v) Evans v. Faxon, 10 Fed. Rep. 312; Walsh v. Memphis, C. & N. W. R. Co. 6 Fed. Rep. 797; McLean v. St. Paul & Chicago R. Co. 16 Blatchf. 309; Ellerman v. New Orleans, M. & T. R. Co. 2 Woods, 120; Smith v. St. Louis M. L. Ins. Co. 2 Tenn. Ch. 656; First Presb. Soc. of G. B. v. Goodrich T. Co. 7 Fed. Rep. 257.

(w) Carraher v. Brennan, 7 Biss. 497; Board v. Kan. Pac. R. R. 4 Dill. 277; Burch v. Des Moines & St. P. R. Co. 46 Iowa, 449; Barney v. Latham, 11 Law Rep. (N. S.) 93; Chicago v. Gage, 6 Biss. 467.

(x) Girardey v. Moore, 3 Woods, 397.

(y) Low v. Wayne Co. Sav. Bk. 14 Blatchf. 449.

(z) Ketchum v. Black River Lum. Co. 4 Fed. Rep. 139.

(a) Hervey v. Illinois M. R. Co. 7 Biss. 103; Bybee v. Hawkett, 5 Fed. Rep. 1; Stevens v. Richardson, 9 Fed. Rep. 191; Evans v. Faxon, 10 Fed. Rep. 312.

(b) Farmers' L. & T. Co. v. C., P. & S. R. Co. 12 Chi. Leg. News, 65.

along be between citizens of the same state.(*c*) The removal of the suit as to one defendant removes it as to all;(*d*) and all the defendants need not join.(*e*) The right of removal in such cases is on the condition that the case can be wholly determined as to the parties;(*f*) so, if three separate actions are brought, and the same defence is made in each, and a judgment in one will determine the whole controversy, they may be removed if the joint amount incontrovertibly exceeds $500.(*g*) Where five attachments were separately sued out against one stock of goods, the question of ownership is a single controversy.(*h*) Where there is no separate controversy between the resident plaintiffs and the non-resident defendants, the cause cannot be removed;(*i*) so, if supplementary proceedings are inseparably connected with the original judgment or decree, they cannot be removed; but it is otherwise where they are a mere mode of procedure or relief involving an independent controversy with new or different parties.(*j*)——[ED.

(*c*) Sheldon v. Keokuk N. W. Line Pack. Co. 1 Fed. Rep. 789.

(*d*) Stapleton v. Reynolds, 9 Chi. Leg. News, 33.

(*e*) Stapleton v. Reynolds, 9 Chi. Leg. News, 33; Davis v. Cook, 9 Nev. 134.

(*f*) Carraher v. Brennan, 7 Biss. 497; Ellerman v. New Orleans, M. & T. R. Co. 2 Woods, 120; Smith v. St. Louis M. L. Ins. Co. 2 Tenn. Ch. 656; Smith v. McKay, 4 Fed. Rep. 353;

Hervey v. Illinois M. R. Co. 7 Biss. 103; Chicago v. Gage, 6 Biss. 467; Osgood v. Chicago, D. & V. R. Co. 6 Biss. 330; Board v. Kansas Pac. R. Co. 4 Dill. 277; Burnham v. D. & M. R. Co. 4 Dill 503.

(*g*) Anderson v. Gerding, 3 Woods, 487.

(*h*) Temple v. Smith, 4 Fed. Rep. 392.

(*i*) Ruble v. Hyde, 3 Morr. Trans. 516; affirming 3 Fed. Rep. 330; Barney v. Latham, 103 U. S. 205.

(*j*) Buford v. Strother, 10 Fed. Rep. 406.