MARTIN (ELWELL v.).   See Case No. 4,425.

MARTIN (GIBBONS v.).   See Case No. 5,381.

MARTIN (GILLELAND v.).   See Case No. 5,433.

MARTIN (HEALEY v.).   See Case No. 6,-295.

---

## Case No. 9,162.

### MARTIN v. KANOUSE.

[1 Blatchf. 149.][1]

Circuit Court, S. D. New York.   April Term, 1846.

REMOVAL OF CAUSES—CERTIFIED COPIES—NEW DECLARATION—RULE TO PLEAD.

1. Where an action is removed from a state court to this court, under the 12th section of the judiciary act of 1789 (1 Stat. 79), certified copies of the process or papers by which the suit was commenced in the state court, and of an order of that court for their transmission, should be sent to and entered in this court.
[Cited in Miller v. Tobin, 18 Fed. 612.]

2. Where a defendant, instead of adopting that course, entered here what purported to be a copy of a declaration in the action in the state court, but the copy was not certified from the state court, or accompanied by a certified copy of any order of the state court for its transmission, and then entered here a rule to declare: *held,*

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

that the rule to declare must be vacated, and the copy declaration be taken from the files.

3. On the transmission of the process or declaration by which the suit was commenced in the state court, and the entry of the same in this court, the plaintiff must file a new declaration according to the practice of this court, as if the suit were an original one here.
[See Brownell v. Gordon, Case No. 2,039.]

4. Until the filing of such declaration the plaintiff cannot enter a rule to plead or a default for not pleading.
[See Brownell v. Gordon, Case No. 2,039.]

[John M.] Martin, a citizen of the state of New-York, commenced, by declaration, an action of assumpsit against [Cornelius] Kanouse, a citizen of the state of New-Jersey, in the court of common pleas for the city and county of New-York. Kanouse appeared in the action, and applied to the court for an order removing the action into this court, under the provisions of the 12th section of the act of congress of September 24th, 1789, known as the "Judiciary Act." 1 Stat. 79. The application was denied. But, on the first day of the session of this court next after the filing of his petition in the court of common pleas for the removal of the action, Kanouse entered in this court what purported to be a copy of the declaration against him in the court of common pleas, and appeared in the action in this court by entering common bail, and gave notice thereof to Martin's attorney in the common pleas. The copy of the declaration entered by Kanouse was not certified from the court of common pleas, and he did not enter a certified copy of any order for the transmission of any copy of the declaration. Subsequently, Kanouse entered in the book of common rules in this court a rule that Martin declare within twenty days after service of notice of the rule, or be non-prossed. Notice of this rule was served on Martin personally.

Martin now moved that the copy declaration on file in the action in this court be withdrawn from its files, and that the rule to declare be vacated.

John M. Martin, plaintiff, in person.
Andrew S. Garr, for defendant.

THE COURT vacated the rule to declare, and ordered the copy declaration on file to be taken off, on the ground that in an action removed from a state court under the act of congress in question, certified copies of the process or papers by which the suit was commenced in the state court, and of an order of that court for their transmission, should be sent to and entered in this court.

THE COURT decided at October term, 1850, in the case of Clarke v. Protection Ins. Co. [Case No. 2,860], that on the transmission of the process or declaration by which the suit was commenced in the state court, and the entry of the same in this court, the plaintiff must file a new declaration according to the practice of this court, the same as if a suit had

been commenced by regular process in this court; and that until the filing of such declaration, the plaintiff could not enter a rule to compel the defendant to plead, or enter his default for not pleading.

[NOTE. Judgment was entered in the court of common pleas against Kanouse. This was affirmed by the superior court. From this judgment he sued out a writ of error from the United States supreme court. A motion to dismiss the writ for want of jurisdiction was overruled. Kanouse v. Martin, 14 How. (55 U. S.) 23. At the next term of the court the judgment of the superior court was reversed upon the ground that the power of the court of common pleas to render judgment terminated upon the application of Kanouse for order removing case to the circuit court. 15 How. (56 U. S.) 198.]