### IN THE

# Supreme Court of the State of Georgia,

## AT ATLANTA,

# DECEMBER TERM, 1869.

PRESENT—JOSEPH E. BROWN, CHIEF JUSTICE.
H. K. McCAY, } JUDGES.
HIRAM WARNER, }

---

JAMES STEWART AND A. S. CUTTS, plaintiffs in error, *vs.*
BENJAMIN MORDECAI, defendants in error.

(McCAY, J., having been of counsel below, did not preside in this case.)

1. M., a citizen of South Carolina, commenced his action against C. and S., in the Courts of this State, on a note and a proceeding to foreclose a mortgage on real estate of S. Pending the actions, S. filed his bill against M. and C., alleging that he was only a surety for C. on the note and gave the mortgage on his real estate to M. for the accommodation of C., and that C. had paid a large amount of usurious interest to M., and that C. had consented to transfer to him his claim against M., and prayed to be subrogated to the rights of C. and that the usurious interest paid by C. might be credited on the note held by M. M. filed his petition and affidavit, stating that he had reason to, and did believe, that, from prejudice or local influence, he would not be able to obtain justice in the State Court: *Held*, that M. had a right to have the case transferred to the United States Circuit Court, under the Acts of Congress passed 27th July, 1866, and 2d March, 1867.

2. The bill having been filed by S. against M., who was a citizen of a State other than that in which the suit was brought, for the purpose of "restraining or enjoining him," M., on making the affidavit, and giving the bond required, was entitled to the transfer, as a final determination

of the controversy, so far as it concerns *him*, can be had in the United States Courts, without the presence of C., the other defendant.

3. The affidavit filed in such case, can not, under the Act of Congress, be traversed in the State Court.

Motion to transfer case to United States Circuit Court. Before A. R. Brown, Esq., Judge *pro hac vice.* Sumter Superior Court, April Term, 1869.

This cause was twice before this Court before. See Mordecai vs. Stewart, 36th Ga. R., 126, and 37th Ga. R., 364.

It will be remembered that Mordecai, a citizen of South Carolina, brought a suit against Cutts, as maker, and Stewart, as endorser, upon a promissory note, and began a statutory foreclosure of a mortgage made by Stewart to Mordecai to secure said note, and that Stewart had filed a bill against Mordecai and Cutts, averring, among other things, that Cutts was insolvent, that he, Stewart, was only an accommodation endorser, and that Cutts had paid Mordecai much usury, and prayed that Stewart, by subrogation, should have said usury credited on said note. This bill also enjoined Mordecai from dismissing his said suits. All this litigation was pending in April, 1869, in Sumter county, Georgia, of which Stewart and Cutts both are citizens.

Mordecai then petitioned the Superior Court of Sumter county for the removal of said causes into the Fifth Circuit Court of the United States for the Southern District of Georgia. Judge Clark, being related to one of the parties, would not preside, and by consent, Adam R. Brown, Esq., a member of the bar, was made Judge *pro hac vice.*

The application was in proper form, and averred that Cutts was not a necessary party, in said Circuit Court, to the adjustment of the rights of Mordecai and Stewart.

Stewart's counsel proposed to traverse the averment in Mordecai's affidavit, that he had reason to believe, and did believe, that, from local influence, he would not be able to obtain justice in said causes in said State Court, but the Judge would not allow it traversed. They then objected to the removal to said Circuit Court, upon the grounds that

Mordecai had elected his forum by suing in Sumter Superior Court and was bound thereby, and that Cutts was a necessary party in the bill, and for that reason the said Circuit Court could not take jurisdiction of the bill. These objections were overruled, and orders were passed transferring said causes as prayed for.

The refusal to allow the traverse, and the overruling of said objections, are assigned as error.

HAWKINS & BURKE, LYON, DeGRAFFENREID & IRVIN, for plaintiffs in error.

NISBETS & JACKSON, for defendant, cited Act of Congress, 1866, 4 Abbott's Dig., 76; the Act of Congress of 1867 (on the subject of such removals); 18th Howard, 467; 4th Mc-Lean, 202; 5th McLean, 342; 2d Blatch, 304; 6th McLean, 13; 15th Howard, 198; 2d Sumner, ——.

BROWN, C. J.

We think there can be no great difficulty about this case. The Act of Congress of 27th July, 1866 (14 U. S. Statutes at large, 306), provides, in substance, that if, in any suit already commenced, or that may hereafter be commenced in any State Court, by a citizen of the State in which the suit was brought against a citizen of another State, the matter in dispute exceeds the sum of five hundred dollars exclusive of costs, and if the suit, so far as relates to the defendant who is the citizen of a State other than that in which the suit is brought, is or has been instituted or prosecuted, for the purpose of restraining *or enjoining* him, *or* if the suit is one in which there can be a final determination of the controversy so far as it concerns *him*, without the presence of the other defendants as parties in the cause, then and in every such case, the defendant, who is a citizen of a State other than that in which the suit was brought, may at any time before the trial or final hearing of the case, file a petition for the removal of the cause, *as against him*, into the next Circuit Court of the United States to be held in the district where

the suit is pending, and offer good and sufficient security for his entering in such Court, on the first day of its session, copies of said process against him, and of all pleadings, depositions, testimony, and other proceedings in said cause affecting or concerning him, and also for his then appearing and entering special bail in the case, if special bail was originally required therein; and it shall be thereupon the duty of the State Court to accept the security and proceed no farther in the cause against the defendant so applying for its removal; and any bail that may have been originally taken shall be discharged, and the said copies being entered as aforesaid in such Court of the United States, the cause shall then proceed in the same manner as if it had been brought there by original process against the *defendant,* who shall have so filed a petition for its removal as above provided. It is also provided that such removal of the cause, as against the defendant petitioning therefor, into the United States Court, shall not be deemed to *prejudice* or *take away* the right of the plaintiff to proceed at *the same time* with the suit in the State Court as against the other defendants, if he shall desire to do so.

By the Act of Congress passed 2d March, 1867 (14 U. S. Statutes at large, 558), it is declared that, where a suit is now pending, or may hereafter be brought, in any State Court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, and the matter in dispute exceeds the sum of five hundred dollars exclusive of costs, such citizen of another State, whether he be *plaintiff* or *defendant,* if he will make and file in such State Court an affidavit, stating that he has reason to and does believe, that from prejudice or local influence he will not be able to obtain justice in such State Court, may at any time before the final hearing or trial of the suit, file a petition to such State Court, for the removal of the suit into the next Circuit Court of the United States, to be held in the district where the suit is pending; and offer good and sufficient security for his entering in such Court on the first day of its session copies of all process, pleadings, depositions,

Stewart and Cutts *vs.* Mordecai.

testimony, and other proceedings in such suit, and doing such other appropriate acts as by the Act to which this Act is amendatory (Act of July 27, 1866) are required to be done upon the removal of a suit into the United States Court; and it shall be thereupon the duty of the State Court to accept the security and *proceed no farther* in the suit; and the said copies being entered as aforesaid in such Court of the United States, the suit shall there proceed in the same manner as if it had been brought there by original process; and all the provisions of the Act to which this is amendatory respecting any bail, attachment, *injunction*, or other *restraining process*, and respecting any bond of indemnity, or any obligation given upon the issuing or granting any attachment, *injunction*, or other restraining process, shall apply with like force and effect in all respects, to similar matters, process, or things, in the suit for the removal of which this Act provides.

But two points were seriously insisted upon in the argument for the plaintiff in error. First, that Stewart had the right to traverse the affidavit of Mordecai filed in conformity to the above recited Acts. Second, that the United States Circuit Court can not take jurisdiction of the case, because Cutts, who is a party defendant with Mordecai in the bill, is a citizen of Georgia, and his rights can not be adjudicated in the Circuit Court, in the same State in which the complainant in the bill resides.

It is sufficient reply to the first ground to say that the Act of Congress is plain and imperative. It leaves nothing to construction. When the affidavit is filed and the bond given as required by it, it declares that it shall be the duty of the State Court to accept the security, and proceed *no further* in the suit. If a traverse of the affidavit should be allowed, and a trial had upon it, this would be a further proceeding which is forbidden by the Act. Besides, the reason of the law is against this view. If the prejudice or local influence does in fact exist, which denies justice to the citizen of the other State, who makes the affidavit, it would operate the same denial of justice, perhaps in a greater degree,

on the trial of the issue formed upon the traverse of the affidavit.

We are equally clear that the other ground can not be sustained.   Here the suit or bill was brought by Stewart against Mordecai, a citizen of South Carolina, who was plaintiff in the common-law proceeding, for the "purpose of restraining and enjoining him."   This is one ground for the transfer.   Another is that, "there can be a final determination of the controversy, so far as concerns *him*, in the United States Court, without the presence of Cutts."   If the claim set up by Stewart, to have the note on which he is a surety credited with the amount of usurious interest paid by Cutts to Mordecai in other transactions, can be sustained at all, it can be sustained as well without the presence of Cutts as a party as if he were present.   If the amount should be allowed, and it is sufficient to satisfy the note on which he is surety for Cutts, the verdict must be for him in the State Court or the United States Court; if not, it could not be for him in either.   If it entitles him to a credit, he can get the benefit of it in either Court.   If he needs the testimony of Cutts, he can have it under the rules of evidence which prevail in either Court.   Why then, may not the final determination of the controversy, so far as it concerns Mordecai, be reached in the United States Courts without the presence of Cutts as a party, and with as much justice to Stewart as if Cutts were a party?

But it is said the right of Cutts can not be protected in this way.   Why not?   If Stewart can set up the usury, and defeat the recovery of Mordecai, it will inure to the benefit of Cutts as much as if he were a party.   If Stewart shows in the United States Court that the debt is paid, and gets judgment accordingly, Cutts is no longer liable upon it, either in the State or Federal Courts.   And if the amount for which Mordecai is liable to Cutts exceeds the amount of the note, so as to entitle Cutts to a judgment, he is not barred from recovering it in a proper proceeding, by the judgment in the United States Court in the case between Stewart and Mordecai.   The Act of Congress is explicit, that the removal of

the case to the United States Court, by the defendant making the application, shall not be deemed to "prejudice or take away the right of the plaintiff to proceed at the same time with the suit in the State Court against the other defendants, if he shall desire to do so." In other words, the removal of the case as to Mordecai, amounts to a severance, and authorizes the litigation to be conducted partly in each Court; provided the rights of Mordecai can be determined in the United States Court without the presence of Cutts.

Again, if there are rights between Stewart and Cutts to be adjusted, that can be done in the State Court as well as if this proceeding as to Mordecai had not been transferred to the Federal Court.

Let the judgment of the Court below be affirmed.