GIRARD FIRE & MARINE INS. CO. (YEOMANS v.). See Case No. 18,136.

GIRARD LIFE INS. CO. (HIDELL v.). See Case No. 6,464.

---

## Case No. 5,462.

### GIRARDEY v. MOORE et al.

[3 Woods, 397;[1] 4 Am. Law T. Rep. (N. S.) 387; 23 Int. Rev. Rec. 294; 5 Cent. Law J. 78; 1 Month. Jur. 344.]

Circuit Court, S. D. Georgia. April Term, 1877.

JURISDICTION—CITIZENSHIP OF PARTIES — ACT OF MARCH 3, 1875—NOMINAL PARTIES—REMOVAL OF WHOLE SUIT—ACT OF JULY 27, 1866.

1. Whenever the controversy in a suit is between citizens of different states, it is within the judicial power of the United States, though there are other persons in the case citizens of the same state, with a person or persons on the opposite side to them.

2. Subject to a limitation as to the amount in controversy, the act of March 3, 1875 [18 Stat. 470], "to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes," invests the federal courts with jurisdiction arising from diverse citizenship of litigant parties, co-extensive with the judicial power conferred upon the general government by the constitution.

[Cited in Van Brunt v. Corbin, Case No. 16,-832; Wormser v. Dahlman, Id. 18,048.]

3. Persons who are only nominally interested in the controversy cannot confer jurisdiction or take it away.

4. Under the act of March 3, 1875, mentioned in head-note 2, if some of the plaintiffs and some of the defendants to a suit are citizens of the same state, the removal of the cause must be sought by all the plaintiffs or all the defendants.

5. But if all the plaintiffs on the one hand, and all the defendants on the other, are citizens of different states, then any one or more of either may remove the cause.

6. Under the said act of March 3, 1875, the whole suit must be removed, or no removal can take place.

7. The said act of March 3, 1875, does not repeal that part of the act of July 27, 1866 (14 Stat. 306), which authorizes one defendant, if a citizen of another state, to separate his case from that of the other defendants, who are citizens of the state where the suit is brought, and to remove it to the federal court.

Bill in equity [brought by Martha M. Girardey, for herself and as guardian of her children, against Andrew M. Moore, John W. Bessman, and Isidor P. Girardey, and] removed to the United States circuit court from the Richmond superior court. Heard on motion to remand to the state court.

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

W. W. Montgomery, for the motion.
W. H. Hull, contra.

BRADLEY, Circuit Justice. This cause was commenced in December, 1875, in the superior court of Richmond county, Georgia, and was removed by Moore, one of the defendants, so far as it concerned him, to this court, in October, 1876, he being a citizen of Pennsylvania, and the other parties all being citizens of Georgia. Motion is now made to remand the cause, on the ground that it cannot be thus split into two causes under the existing state of the law. The nature of the case is as follows: The bill charges that certain property in Augusta, known as "Lafayette Hall and the Opera House," on which Moore holds a mortgage for twenty-seven thousand dollars, is subject to a trust for the benefit of the complainant, Mrs. Girardey, and her children, paramount to the mortgage; that it was property which was purchased by the defendant, Isidor P. Girardey (her husband), with the proceeds of other property which he had conveyed upon said trust to the remaining defendant, Bessman, but the deed had not been recorded, and was lost; that after the purchase of Lafayette Hall and the Opera House, Girardey borrowed $27,000 of Moore, and gave him the mortgage in question; and that Bessman, the trustee, acted as Moore's agent in making the loan, thus affecting him with notice of the trust. The bill charges Girardey with receiving the rents and profits, and Bessman with breach of trust, and prays an account there, and that Moore may be enjoined from selling the property under his mortgage (which he is seeking to do) until the trust has been established, and for general relief. Moore, in his petition to have the cause removed as to him, states that the controversy in the suit is wholly between him and the complainants, and can be determined, as between them, without the presence of the other defendants as parties in the cause. His counsel contends that the removal was authorized by the act of July 27, 1866, (14 Stat. 306), or if that is repealed, then by act of March 3, 1875. The counsel of complainants insists that the act of 1866 is repealed by that of 1875, and that the latter does not authorize the removal of a cause in the manner in which this has been removed; and that neither act authorizes this cause to be split in this way.

In order to get at the state of the law on this subject, it will be necessary briefly to review the history of the legislation which has been adopted in relation to the removal of causes from the state to the federal courts, on the ground of the parties being citizens of different states. Without noticing other conditions as to amount, etc., the judiciary act of 1789, § 12, authorized a removal where the suit is by a citizen of the state where the suit is brought, and against a citizen of

another state. If there were more than one plaintiff or defendant, the courts held that all of the plaintiffs must be citizens of the state where the suit is brought, and that all the defendants must be citizens of other states. The act of July 27, 1866 (14 Stat. 306), without making any change in the requirement as to the citizenship of the plaintiffs in the state where the suit is brought, authorized a removal of the suit so far as it relates to a defendant who is a citizen of another state, though there are other defendants citizens of the state in which the suit is brought, if, so far as it relates to the former, it is brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the cause. Both of these acts give the right to remove the cause to the defendant alone. The act of March 2, 1867 (14 Stat. 558), gives the right of removal, when a suit is between a citizen of the state where the suit is brought, and a citizen of another state, to the latter, whether plaintiff or defendant, on his making affidavit that he has reason to believe that, from prejudice or local influence, he will not be able to obtain justice in the state court. This act, like the act of 1789, has been held to apply only to cases where all the parties on one side are citizens of the state where the suit is brought, and all the parties on the other side are citizens of another state, or other states. Lastly, the act of March 3, 1875 (18 Stat. 470), gives a right of removal to either party in every suit in which there is a controversy between citizens of different states; and where the controversy is wholly between citizens of different states, and can be fully determined as between them, it authorizes any one or more of the plaintiffs or defendants actually interested in such controversy to remove the suit. This act repeals all acts and parts of acts in conflict therewith.

The act of 1875 undoubtedly greatly enlarges the class of cases which may be removed from the state into the federal courts, and a more careful examination of it may be useful on this occasion. Before this, congress had never invested the federal courts with the jurisdiction arising from diverse citizenship of litigant parties co-extensive with the judicial power conferred upon the general government. Subject to a limitation as to the amount in controversy, this was attempted to be done by that act. It declares, in section first, that the circuit courts of the United States shall have original cognizance (concurrent with the courts of the several states) of all suits of a civil nature at common law or in equity, in which there shall be a controversy between citizens of different states; and in the second section it gives to either party, in such a suit as we have seen, the right to remove the same from a state court (if originally commenced there) to the circuit court. And where the controversy is wholly between citizens of different states, and can be fully determined as between them, it authorizes any one or more of several plaintiffs, or of several defendants, thus to remove the suit. The true interpretation of this statute involves the true interpretation of the constitutional power. The jurisdiction given to the circuit court is as broad as the judicial power.

Now, as to the extent of the judicial power I never had a doubt. My view may not be the correct one, but it is that which I have ever entertained; and, as yet, there has been no decision of the supreme court to the contrary, whatever dicta may have dropped from different judges; and it is this, that whenever the controversy in a suit is between citizens of different states, it is within the judicial power of the United States, though there are other persons in the case citizens of the same state with a person or persons on the opposite side to them. The grant of judicial power is in the affirmative, it extends to controversies (and of course to all controversies) between citizens of different states. There is no negative; no exception of any cases in which the same controversy has also citizens of the same state on the two sides thereof. If the controversy involved is a controversy between citizens of different states, it is within the term, and I think within the spirit of the power granted. The constitutional language cannot be satisfied without giving it this construction. To say that it only embraces those controversies in which all the parties on one side and all the parties on the other side are citizens of different states, is to interpolate a limitation in the constitution which is not found there. Of course, persons who are only nominally interested in the controversy cannot confer jurisdiction and cannot take it away. This has been frequently decided under the former laws.

It is objected to this view that it would be attended with great inconvenience, by having the effect of giving jurisdiction to the federal courts in cases where only a single one of many plaintiffs or defendants happened to be a citizen of another state. But the contrary view would be attended with equal inconvenience, for cases would arise (as they have often arisen under the old law as construed by the courts) in which one of many plaintiffs or defendants happening to be a citizen of the same state with one of the parties on the opposite side has defeated the jurisdiction. Extreme cases of the sort would undoubtedly arise whichever view may be taken, but no intermediate view can be taken which will avoid them. The argument ab inconvenienti is worth nothing, for it neutralizes itself by equal weight on both sides. I do not regard the construction given to the old judiciary act as at all conclusive on this question. I refer to those decisions in which it was held that all the plain-

tiffs must be citizens of the state where the suit was brought, and all the defendants must be citizens of other states. They were made upon the peculiar language of that act and took their origin at a period when a strict construction of federal jurisdiction in judicial matters was in vogue. The circumstances which induced this tendency are familiar to every student of American history.

If I am right in my construction of the act of March 3, 1875, the right of removing a cause from the state court to the circuit court of the United States exists in all cases where there are substantial parties, citizens of different states, on opposite sides of the cause, although there are parties on opposite sides who are citizens of the same state. But then arises the question: To whom is the right of removal given? The answer to this question, as derived from the second section, is that it is given to either party, that is, to the plaintiffs or the defendants, in either case acting collectively, and where the controversy is wholly between citizens of different states, and can be determined as between them, the right is given to any one or more of the plaintiffs or defendants actually interested in the controversy. In other words, if some of the plaintiffs and defendants are citizens of the same state, the removal must be sought by all the plaintiffs or by all the defendants. One of several plaintiffs or one of several defendants cannot in that case remove the cause. But if all the plaintiffs on the one hand, and all the defendants on the other, are citizens of different states, then it does not require all the plaintiffs nor all the defendants to remove the cause, but any one or more of either may do it. But in either case it is the suit that is removed, and not a part of the suit. If my construction of the act of 1875 is correct, it is clear that the removal of the cause could not be had under that act unless Bessman and Isidor P. Girardey are to be regarded as merely nominal parties, and the real controversy in the suit is wholly between the complainants and the defendant Moore, as stated by the latter in his petition for removal. It is not at all improbable that the principal object of the suit was to defeat Moore's mortgage; but the frame of the bill is conceived for the purpose of establishing the trust, and the postponement of the mortgage as a consequence thereof, and Bessman being the alleged trustee, and Isidor P. Girardey being the owner of the property to be affected, it cannot be said that the controversy in the suit is wholly between the complainants and Moore. His controversy with the complainants may, it is true, be disposed of separately. But under the act of 1875, the whole suit must be removed, or no removal at all can take place. It becomes important, therefore, to determine whether the act of 1875 has repealed the act of 1866. If it has, the case is ended here. If it has not, then the removal may, perhaps, be supported by the latter act.

The act of 1875 does not profess to repeal any acts, or parts of acts, which are in conflict with it. Is that part of the act of 1866 which authorizes one defendant, if a citizen of another state, to separate his case from that of the other defendants who are citizens of the state where the suit is brought, and to remove it into the federal court, in conflict with anything in the act of 1875? Cannot both stand together? In a case like the present, the act of 1875, as I understand it, would authorize all the plaintiffs or all the defendants collectively to remove the whole suit. The act of 1866 authorizes a defendant, not being a citizen of Georgia, to remove the case as to him, if there can be a final determination of the controversy, so far as he is concerned, without the presence of the other defendants as parties in the cause. It seems to me that there is no conflict here, no reason why both acts should not stand. I conclude, therefore, that the act of 1866, so far as it authorizes a defendant to remove a cause as to him, is not repealed by the act of 1875. And I see no reason why the controversy between the complainants and Moore cannot be finally determined without the presence of the other defendants. Had the complainants filed the bill against Moore alone, he could have demurred to it for want of parties. He had obtained an order to issue a fi. fa. for sale of the mortgaged premises, and had issued the writ, and the sheriff had advertised the property for sale. The bill, on the facts alleged, would well have lain against him alone to enjoin him from selling the property, and to establish the trust as against his mortgage. The other defendants would have been proper parties, but I think they would not have been necessary parties to the case.

If this view is correct, this controversy between him and the complainants may be determined without the presence of the other defendants as parties in the cause. The motion to remand the cause is refused.