JONES *et al. vs.* FOREMAN *et al.*                    66   371
                                                       99   228

1. Under the act of congress of 1866, omitting the case of aliens, the following conditions are necessary to a removal of a cause from the state to the federal courts : The suit in the state court must be by a plaintiff who is a citizen of the state in which the suit is brought; it must be against a citizen of the same state and of another state as defendants ; the amount in dispute must exceed $500.00, besides costs ; the removal must be applied for before the trial or final hearing of the cause in the state court. These elements concurring, the non-resident defendant—not the resident defendant—may have the cause removed, not wholly, but only so far as relates to himself, provided, also, it is a suit brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy so far as it concerns him without the presence of the other defendants as parties to the cause.

2. Under the " local prejudice" act of 1867 the following conditions are necessary to the exercise of the right of removal : That the

controversy shall be between a citizen of the state in which the suit is brought and a citizen of another state ; that the matter in dispute shall exceed the sum of $500.00, exclusive of costs ; that the party who is citizen of such other state, shall file the required affidavit stating the "local prejudice," etc.; that the requisite security for appearing in the federal court shall be given.

3. Other removal acts discussed.

4. The application in this case was made both under the act of 1866 and of 1867, and met the requirements of those acts.

5. If the right of removal has once become perfect, it cannot be taken away by any subsequent amendment by the opposite party in state or federal court.

Removal of causes. Amendment. Before Judge SNEAD. Richmond Superior Court.    October Term, 1880.

Reported in the decision.

FOSTER & LAMAR, for plaintiffs in error.

FRANK H. MILLER, for defendants.

SPEER, Justice.

Plaintiffs in error, as the wife and next friend of minor children of Thomas Jones, brought their bill in Richmond superior court against Samuel Jones of Richmond county, and Jacob Foreman of Barnwell county, South Carolina, making substantially the following case :

Thomas Jones, the husband and father of complainants, being the owner of a certain house in the city of Augusta, had rented the same to Samuel Jones, who applied in 1873 to said Thomas to repair and enlarge the house, which was old and dilapidated.    Thomas Jones, the owner, being embarrassed financially, but possessed of means sufficient to pay all his debts, informed Samuel Jones of his inability to make the improvements and the cause thereof.    The said Samuel, with whom said Thomas was on terms of close personal friendship, expressed his fears that his creditors would consume his entire property and

leave him and his family penniless, and proposed to Thomas for a pretended consideration to convey his real estate to the wife of said Samuel, who would hold the same until the said Thomas could compromise his debts, which could be done at a nominal sum, and the bulk of his property thereby saved, when his wife would reconvey to said Thomas, which proposition was frequently renewed and as often repelled by said Thomas.

Complainants charge that subsequently, influenced by the repeated advice and counsels of the said Samuel Jones, and having great confidence and faith in his superior judgment, intelligence and repeated expressions of sympathy and propositions to aid him, the said Thomas Jones, on the 15th of May, 1875, conveyed the said house and lot to Samuel Jones for three hundred and seventy-five dollars, which was never paid and the deed was placed upon the record, upon the verbal understanding not expressed in the deed, that Samuel Jones was to occupy the premises until his advances for the repairs on said property were paid, and after Thomas Jones had settled with his creditors, should he do so, said Samuel Jones was to reconvey the same to him, provided the said Samuel Jones received back from him the money he had paid for the property, both improvements put upon the same and the consideration of the deed.

It is charged that thereafter, about the 1st of November, 1875, Calvin & Jones, a firm composed of Martin V. Calvin and said Samuel Jones, failed, and said Samuel Jones, to secure his interest in the same, and for the amount thereof, fraudulently conveyed the same to Jacob Foreman, November 9th, 1879, with full knowledge on the part of Foreman of the agreement of reconveyance between Thomas and Samuel Jones, and the deed to Foreman was recorded.

Thomas Jones, her husband, having learned of this, by threats of personal violence caused Samuel Jones, who obtained the custody of the deeds after record, to give

them to him, Thomas Jones, through fear of personal injury to him, Samuel Jones, at the hands of Thomas Jones. Samuel Jones was permitted to occupy the premises under the original agreement, until reimbursed for his advances. Complainant (who is the wife of Thomas Jones) further alleges that she applied to the court of ordinary to have a homestead set apart to herself and children out of this property thus conveyed. Foreman was served with the application, and was present at the grant of the homestead on the 22d of June, 1874, offering no objection.

Complainant then tried to dispossess Samuel Jones as a tenant by sufferance of the property, but he filed a counter-affidavit to the warrant, and proceedings were stopped, and papers were returned to Richmond superior court, where the issue is still pending. Since then Samuel Jones has admitted title in Thomas Jones, but claimed possession until 1st of February, 1879. The property sold to Foreman was, after the execution of the deed to Foreman, returned for taxation by Samuel Jones as agent of Jacob Foreman, but no taxes were paid thereon, and afterwards on the first Tuesday in May, 1879, the property was sold under a levy of tax executions in favor of state, county and city, by the city sheriff, at public outcry according to law. Samuel Jones, as agent of Foreman, bid it in, and a deed was made to Foreman by the sheriff. The defendants have been in possession of said property ever since said sale, and enjoyed the rents thereof. Samuel Jones was averred to be insolvent, and Foreman of large means, in South Carolina, but possessing little property in Georgia. That the deeds are a cloud upon the title. Complainants tendered in their bill the amount paid by Jacob Foreman at the tax sale, averring it to be void for improper advertisement. The prayer of the bill was :

1st. To grant the writ of injunction directed to each and both of said defendants, restraining them from disposing of, encumbering, destroying, or in any other manner

changing or disturbing, the situation or status of said property or the title thereof until the final disposition of the bill of complaint.

2d. That the deed from the sheriff to Foreman be brought in and cancelled.

3d. So also, that the deed of Thomas Jones to Samuel Jones and from Samuel Jones to Foreman be cancelled.

4th. That a receiver may be appointed to take possession of the house and rent the same, and hold the property and proceeds subject to final decree in the case.

5th. For other and further relief in the premises according to the nature of the case, and which may be meet and proper, including an accounting for the rents, income and profits of said property.

6th. Prays for a writ of possession.

The bill was filed 1st of September, 1879, and restraining order granted 30th of August, 1879, under the penalty of $10,000.00.

Foreman was served October 24th, 1879, after court opened 20th October, 1879, and the administrator of Samuel Jones (he having died) acknowledged service on the 18th of March, 1880.

Foreman, the non-resident defendant, filed his petition to remove the cause as to him to the United States court for the southern district of Georgia, 15th of April, 1880, which was the first term of Richmond superior court after service on him, alleging in his petition for removal as follows:

"That Louisa Jones, in her own right, and as next friend of her minor children, Warren L. Jones and Annie P. Jones, who your petitioner avers to be and have been on the 1st day of September, 1879, and ever since, citizens of and residing in the state of Georgia, in the county of Richmond, and in the southern district of Georgia, in the United States of America, on said first of September, 1879, instituted a suit in equity in the superior court of said Richmond county, Georgia, which is still pending, returnable to October term, 1879, of said court, in which

your petitioner and Samuel Jones are named as defendants, in which suit the matter in dispute exceeds (exclusive of cost) the sum of five hundred dollars, and which suit is brought, among other things, for the purpose of restraining and enjoining your petitioner.

And your petitioner is now and was at the time and commencement of said suit and of service upon him, October, 24th, 1879, a citizen of the state of South Carolina, and said complainants and the other said defendant are now and were at the commencement of said suit, citizens of the state of Georgia ; that in said suit there is a controversy, in which controversy the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, which is wholly between your petitioner and complainant, and said suit can be fully determined as between them without the presence of the other defendant as a party in the cause.

And your petitioner avers that said suit has not been tried, and that April term, 1880, of said court, will be the first term at which the same could have been tried even if he had been properly served, which he denies.

Your petitioner further shows that he has reason to believe, and does believe, that from prejudice or local influence he will be unable to obtain justice in said court ; and your petitioner now desires and prays that said suit, so far as he is concerned therein, may be removed from said superior court to the circuit court of the United States for the southern district of Georgia, in which is said county according to the acts of congress, and he files herewith the bond required by said acts," etc.

This petition was verified by the affidavit of Foreman ; bond and security was filed ; at the October term, 1880, the application was heard, and, after argument, the case was ordered to be removed, as to Foreman, to the United States court for the southern district of Georgia. To which order and judgment directing said removal complainants below excepted.

This statement, more full than usual, of the pleadings in this cause, became necessary because the judgment pronounced and excepted to rests alone upon the record as presented by the bill and petition for removal.

The removal of causes from state courts to the federal courts rest upon certain acts of congress, which have again and again undergone revision and interpretation, not only by the state tribunals on petition for removal, but also by the federal courts on motion to remand said causes to state courts after being transferred. While these removals have, in consequence of more recent federal legislation, become more common, as the jurisdiction has been enlarged by the statutes, still the right of removal on certain grounds has existed coeval with the establishment of the federal judiciary, as found in the 12th section of the judiciary act of 1789, passed the same year the constitution went into effect.

The judiciary act of 1789, considering the complex and highly artificial nature of the federal jurisdiction, is justly regarded as " one of the most remarkable instances of wise, sagacious and thoroughly considered legislative enactments in the history of the law." The system is in form and essence—in its nice adjustments and skillful arrangements—the same in 1881 that it was in 1789. The removal of a cause from a state to a federal court is not appellate in its character, but the federal court assumes of the cause original jurisdiction, acquired indirectly by a removal from the state court. Dillon on Rem., page 4; 5 Blatch., 336.

The amendments to this judiciary act, made from time to time by congress, concerning the federal courts, have tended uniformly in one direction, namely, an enlargement of their jurisdiction, until the last act on this subject of removal, to-wit, 3d March, 1875, in connection with the legislation then existing, has amplified the federal judicial power almost to the full limits of the constitution. The validity of these various acts is not now open to serious question, having been so often upheld by

decisions of the supreme federal tribunal of the government.

It will be well to remember that from 1789 until the act of 27th July, 1866, the twelfth section of the judiciary act was the only statute authorizing the removal of cases from the state courts to the circuit courts of the United States on the grounds of citizenship of the parties.

The 12th section of the act of 1789 (omitting the case of aliens) authorized the removal by the defendant where the suit is commenced in the state court by a citizen of the state in which the suit is brought against a citizen of another state. That is, if the suit is by a resident plaintiff the non-resident defendant may have it removed, but the resident plaintiff could not.

The 12th section (omitting aliens) provided, in the removal of causes, the four following requisites:

1st. The plaintiff or plaintiffs must be citizens of the state in which the suit is brought.

2d. The defendant, or if more than one, then all the defendants, must be citizens of another state.

3d. It is limited to civil suits involving, besides costs, a sum or value exceeding $500.00.

4th. The right of removal is limited to the defendant or defendants, and must be applied for by all of the defendants.

It will be seen from this analysis of the act of 1789 this cause at bar was not, under that act, removable, as only one of these defendants was a citizen of another state and hence all the defendants could not join in this application.

· The next act in point of time, the act of 27th July, 1866, (Rev. Stat., § 639) is the first act which allowed part of the defendants to remove a cause. But this right is given by the act only "under specified and limited circumstances."

Omitting the case of aliens, it will be found, on an analysis of the act of 1866, to authorize a removal under it, that the following conditions must co-exist:

1st. The suit in the state court must be by a plaintiff who is a citizen of the state in which the suit is brought.

2d. It must be against a citizen of the same state *and* a citizen of *another* state as defendants.

3d. The amount in dispute must exceed the sum of $500.00 besides costs.

4th. The removal must be applied for before the trial or final hearing of the cause in the state court.

These elements concurring, then the non-resident defendant (not the resident defendant) may have the cause removed, not wholly, but only so far as relates to himself, provided, also, it is a suit brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy so far as concerns him without the presence of the other defendants as partners to the cause. 9 Abb., N. Y., Pr., (N., S.) 87; Darst *vs.* Bates, 51 Ill., 439; *Stewart vs. Mordecai,* 40 *Ga.,* 1.

The act of March 2d, 1867, usually called "the prejudice or local influence act," purports to be an amendment to the act of July, 1866, and extends the right to *plaintiffs* as well as defendants.

Construing this act of 1867, Justice Miller, in Johnson *vs.* Monell, 1 Woolw., 390, says the only conditions necessary to exercise the right of removal under it are:

1. That the controversy shall be between a citizen of the state in which the suit is brought and a citizen of another state.

2. That the matter in dispute shall exceed the sum of $500.00 exclusive of costs.

3. That the party, citizen of such other state, shall file the required affidavit stating the "local prejudice," etc.

4. Giving the requisite security for appearing in the federal court.

Where these four requisites exist this act was intended to give *this* right of removal.

From this brief summary of these three statutes it will

be seen how this right of removal has been enlarged and the jurisdiction of the federal court has been extended, apart and independent of the act of 3d March, 1875.

A removal under the act of 1875 is allowable when the *whole suit* can be removed, and when the real controversy is *so completely* between citizens of different states as opposing parties that, when the questions are decided, the whole controversy between the real adversare parties will be thereby determined.   Dillon on Rem., §26, page 31.

From an examination it will appear that this application for removal is predicated upon the acts of 1866 and 1867.   The suit under the act of 1866 must be by a plaintiff who is a citizen of the state in which the suit is brought.   The complainants in this cause are citizens of this state where suit is brought.

2d. It must be against a citizen of the same state and a citizen of another state as defendants.   The case at bar is against a citizen of Georgia and one of South Carolina.

3d. The amount must exceed the sum of five hundred dollars besides costs.

4th. The removal must be applied for before trial or final hearing of the cause.

If these requisites concur, then the non-resident defendant may have the cause removed, not *wholly*, but so far as relates to himself, provided, also, it is a suit brought for the purpose of restraining or enjoining him, or if a final determination of the controversy *so far as concerns* him can be had without the presence of the other defendants to the cause.

In the case of *Stewart vs. Cutts & Mordecai,* 40 *Ga.*, 3, this court, after quoting in substance these acts of 1866 and 1867, in discussing the right of contestants to traverse the affidavit filed alleging prejudice, and also the second ground of objection taken, that the circuit court cannot take jurisdiction of the case because Cutts, who is a party with Mordecai in the bill, is a citizen of Georgia,

and *his* rights cannot be adjudicated in the circuit court in the same state in which complainant resides, says: " It is a sufficient reply to the first ground to say that the act of Congress is imperative and plain. It leaves nothing to construction. When the affidavit is filed and the bond given as required by it, it declares it shall be the duty of the state court to accept the security and proceed no further in the suit."

" We are equally clear that the other ground cannot be sustained. Here the suit was brought by Stewart against Mordecai, a citizen of South Carolina, who was plaintiff in the common law proceeding for the purpose of restraining and enjoining him. This is one ground of the transfer." So, in the case at bar here, Mrs. Jones and children bring their suit against Foreman, the petitioner for removal, seeking to restrain and enjoin him from the " possession, control, encumbering or sale of the property in controversy." This is a distinct ground or cause for removal under the act of 1866.

Nor can the plaintiffs in error here avoid this ground by proposing to amend, as they did below, by striking from it this portion of their remedy. The plaintiff cannot reduce his claim by amendment after petition filed to prevent removal. 15 How., 198. If the *right* of *removal* has once become perfect, it cannot be taken away by any subsequent amendment in state court or federal court, or by a release of part of the debt, or damages claimed, or otherwise. Dillon on Rem,, §75, page 93·; 15 How., 198; 1 Blatchf., 149; 2 Wash., C. C., 463; 16 Peters, 97.

Nor are we prepared to say under the facts in this case, as set forth in the pleadings, that there cannot be a final determination of the controversy between Mrs. Jones and children, the complainants, and Foreman, without the presence of Samuel Jones, the co-defendant. The suit is to cancel the two deeds held by Foreman, one from Jones, the other from the sheriff, and for him to account for

rents and issues.  These issues may be tried in the circuit court and leave complainant to proceed with her suit in the state court also against Samuel Jones to vacate *his deed and to have him accouut.*  40 *Ga.*, 5 ; 3 Woods, 397 ; 59 *Ga.*, 21.  Samuel Jones is more of a nominal party.  Foreman here is the real defendant.  C. S. & N. O. R. R. *vs.* McComb, 9 Rep., 569.

Bond and security having been filed under the approval of the court, as provided by the statute and within the time allowed, and the case being one that is subject to be removed by the non-resident defendant as to himself, we see no error in the judgment of the court ordering said removal.

Judgment affirmed.