

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2889

Re: Whether or not the acceptance
by the County Tax Collector
of a taxpayer's check for tax-
es and the deposit thereof by
the Collector accepting from
the depositee bank a cashier's
check for the amount consti-
tutes payment by the taxpayer
of taxes.

This will acknowledge receipt of your letter of
November 4, 1940, as follows:

"We are enclosing a letter addressed to
this department by Mr. Dee Brown Walker, At-
torney at Law, Dallas, Texas, with reference
to a tax payment in Rockwall County in Janu-
ary, 1930.

"As explained in the letter, the Tax As-
sessor-collector received a check for the tax-
es in question, but the check was exchanged
for a cashier's check, and the bank on which
the cashier's check was drawn closed its doors
before the check was paid. The check given by
the taxpayer was charged to his account before
the bank closed.

"It appears that the Tax Collector re-
ceived approximately sixty-five per cent of
the value of the Cashier's check in dividends.

"You will please advise this department
whether the Tax Collector or the taxpayer
should be held liable for the payment of the
taxes."

Hon. Geo. H. Sheppard - Page 2

Under the facts stated by you, it is our opinion the Tax Collector and his bondsmen should be held liable and not the taxpayer.

It is, of course, well settled that the authority of the Tax Collector in the matter of collecting taxes extends only to collections made in cash. Austin vs. Fox, 1 S. W. (2) 601; Figures vs. State, 99 S. W. 412; Ward vs. Marion County, 62 S. W. 557, 63 S. W. 155.

Any payment by check or otherwise than by the payment of money amounts merely to an arrangement for accommodation to the taxpayer, or for convenience sake, and is made at the risk of the parties thereto, and not of the State or county. Austin vs. Fox, 1 S. W. (2) 601; Orange County vs. T. & N. O. R. Co., 80 S. W. 670 (writ refused); T. & N. O. R. Co. vs. State, 97 S. W. 142. The question, therefore, arises whether or not the transaction detailed in your letter constituted in legal essence a payment in cash to the Tax Collector by the taxpayer.

In Davis vs. State, 51 S. W. (2) 703, a criminal case, it is said:

"We agree entirely with the contention of counsel that no Tax Collector has any authority to receive in payment and discharge thereof anything but lawful money of the United States, and that, if he does accept any kind of property other than lawful money in payment of taxes, such acceptance by him of such property will not operate to discharge or pay such taxes. It is doubtless true that a collector of taxes may refuse to accept a check or draft in payment thereof, and may insist upon being paid in actual money, and until such payment is made the taxes will not be discharged; but in this case King, the County Treasurer, accepted in payment of the taxes a check of Rodick drawn upon an Omaha bank. If this check had been protested or never had been paid

Hon. Geo. H. Shoppard - Page 3

> of course it would not have operated as a
> payment of the taxes; but the Treasurer
> obtained the money on this check from the
> bank on which it was drawn, and the moment
> he did so he held such money as Treasurer
> of the county, in his official capacity,
> and the taxes to pay which it was given were
> from that moment paid and discharged."

The opinion cites Hubbard vs. Auditor Gen.
(Mich.) 75 N. W. 979, and an annotation in 44 A. L. R.
p. 1234.

In the annotation cited we find the case of
Wasson vs. Lamb (Ind.) 22 N. E. 729, 8 L. R. A. 191.
That was a case where a County Treasurer deposited in
a bank receipts for taxes due from the bank, receiv-
ing credit for the amount of such taxes, and afterwards
drew the money out by check. In the course of the opin-
ion it was said:

> "* * *'If the customer assents to
> such action on the part of the bank by
> drawing checks against the credit, or
> in any other way, he manifests with
> equal clearness his intention to be
> treated as a depositor of money.' If,
> by mutual consent, the bank and the ap-
> pellant choose to treat the tax receipts
> as so much cash deposited to the credit
> of the latter, the transaction must be
> regarded as according to the intention
> of the parties at the time.

> "The conclusion which follows from
> what has preceded is that when the ap-
> pellant transferred the tax receipts to
> the bank, and received credit for the
> amount thereof, the transaction was, in
> legal effect, the same as if he had de-
> posited the amount in cash."

If the transaction was one between private
individuals, the question would be easy of solution.

Berg vs. Federal Reserve Bank of Minneapolis

(N. D.) 213 N. W. 963, holds that if the holder of a check is willing to accept anything else, and drawee bank is willing to give it, the drawer is not concerned, and the check may be paid in a medium other than cash. The drawer's contract is fulfilled when the check is paid.

So, in Jeffcoat vs. Zickgraff, (S. C.) 140 S. E. 478, it was held that a vendor, who accepted a cashier's check following the purchaser's payment of draft to bank, took the risk of the check's invalidity.

Again, in Morris vs. Cleve (N. C.) 148 S. E. 253, it was held that a holder of a check may present it personally and is entitled to cash. If he presents it through the Federal Reserve Bank, or the Express Company, or the postoffice, under a statute which allows payment by check, he takes the risk that the draft issued by the drawee bank will not be good. The check itself is paid when the drawee charges it against the drawer's account.

Litchfield vs. Reid, Sheriff, (N. C.) 141 S.E. 543, a tax case, says:

"* * * The check was issued on January 3, 1925; it was presented for payment on or before January 13, 1925; when the check was accepted for payment by the drawee bank it was charged to the account of the drawer, and subsequently returned to him stamped or perforated, 'Paid, 1/13/25.' There is no evidence tending to show what disposition was made by the drawee bank of the amount charged to its depositor, the drawer of the check, on account of the same. Upon the facts shown by the evidence, plaintiff has no concern as to such disposition. The jury might have found from the evidence that the proceeds of the check were paid to the holder of the check, who presented it for payment, and who had the right, if he chose to exercise it, to demand money for said check. * * *"

Palmer, Tax Collector vs. Harrison (Ga.)
242 S. E. 226, another tax case, holds:

> "The collecting bank was the agent
> of the tax collector; and, while 'taxes
> must be paid in gold or silver, or in
> the bills of such banks as pay specie
> promptly' (Civil Code 1910, § 1013), yet
> the effect of the transaction in the in-
> stant case was to pay the taxes in law-
> ful money; and the court did not err in
> overruling the demurrer to the petition
> and in granting the injunction. See Smith
> Roofing Co. v. Mitchell, 117 Ga. 772, 45
> S. E. 47, 97 Am. St. Rep. 217; Pollak v.
> Niall-Herin Co., 137 Ga. 23, 72 S. E.
> 415, 35 L. R. A. (N.S.) 13; Comer v. Du-
> four, 95 Ga. 376, 22 S. E. 543, 30 L.R.A.
> 300, 51 Am. St. Rep. 89."

Finally it is said in C. N. Ray Corporation vs.
Williams, City Treasurer, (Mich.) 238 N. W. 215:

> "When this check was deposited to the
> credit of the defendant and charged to that
> of the fuel and supply company, the money
> represented by it was, in legal effect, paid
> to him by the fuel company. The burden of
> showing that he was thereafter justified in
> repaying it to the bank was upon him.

> "While the statute (1 Comp. Laws 1929,
> § 339) provides that a check tendered for
> the payment of a tax shall not operate as
> such, unless 'it shall be paid on presenta-
> tion,' this check was paid when it was de-
> posited by the treasurer and credited to
> his account and charged to the account of
> the fuel and supply company; there being
> then in this account a sum sufficient for
> the payment thereof. No claim is or could
> be made that the check was fraudulently is-
> sued, or that any mistake was made by an em-
> ployee of the bank in the debiting or credit-
> ing of it."

The rule is, of course, more rigid where a Tax Collector is involved, nevertheless, we think the facts stated by you as surrounding this transaction show in legal essence a payment meeting the requirement of cash payment by the taxpayer to the Collector.

While the Collector did not physically receive cash, it was his own fault, and he constructively received it, because he accepted the bank cashier's check in lieu thereof, causing the taxpayer's check to be paid and her account accordingly charged. The situation was precisely as though the bank had paid to the Collector the cash and the Collector had immediately purchased the cashier's check therewith.

This real nature of the transaction has been recognized by the Collector, for it appears he filed his claim as Collector with the Banking Commissioner in charge of the failed bank, and has actually received dividends on his claim to the extent stated by you. Undoubtedly, the State's rights in the matter of collecting taxes are paramount to the taxpayer's right to make conventional payment through check, but yet the humble taxpayer has some rights that should be protected, especially where, as here, the State is secured by the Tax Collector's bond, the very purpose of which is to indemnify the State against loss for the Collector's failure to account for collections coming into his hands.

The opinion of this department written by Judge F. O. McKinsey, of date January 16, 1932, addressed to you, is clearly distinguishable in this, there the Collector put the taxpayer's check (drawn on an out-of-town bank) in his county seat bank for collection through the usual banking channels, and the drawee bank failed before the check was cleared. The Collector, unlike the instant case, never presented the check to the drawee bank, and never voluntarily surrendered it for payment and cancellation, and never voluntarily accepted a cashier's check or other medium whatsoever in lieu of cash in payment.

You are therefore respectfully advised that in our opinion the Tax Collector and not the taxpayer

would be liable, as heretofore stated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED NOV 19, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN