HEALY (PREVOST v.). See Case No. 11,-408.

---

## Case No. 6,297.

### HEALY v. PREVOST.

[8 Reporter, 103; 25 Int. Rev. Rec. 240; 6 Wkly. Notes Cas. 579; 8 Cent. Law J. 445; 27 Pittsb. Leg. J. 6.][1]

Circuit Court, E. D. Pennsylvania. April 4, 1879.

JURISDICTION—CIRCUIT COURT—AMOUNT INVOLVED —DECLARATION—COMMON COUNTS—BILL OF PARTICULARS — REMOVAL OF CAUSE TO FEDERAL COURT — VOLUNTARY APPEARANCE IN STATE COURT—INTERPLEADER.

1. The limit of the jurisdiction of the circuit court as to the amount involved is to be determined by the amount laid in the declaration, and when it consists of the common counts, by the amount in the bill of particulars.

2. One brought into a state court by an order to interplead, made on the motion of the original defendant, will not be regarded as voluntarily before the court and waiving his right of removal, and, if otherwise qualified, may remove the cause into which he has been brought to the circuit court.

[Cited in Wehl v. Wald, Case No. 17,356; Bailey v. New York Sav. Bank, 2 Fed. 18.]

Rule to remand cause to state court. This was an action of assumpsit originally brought in the common pleas of Philadelphia by Healy against the Jefferson Oil Company, both plaintiff and defendant being citizens of Pennsylvania. The declarations consisted of the common counts only, the damages claimed being $5,000. The bill of particulars, however, claimed only $1,591.35, which sum was composed of two items, one of $1,375.90, and the other of $215.45, arising out of different transactions. Before plea filed the original defendant petitioned the court for an interpleader between Healy and Prevost, who, it was averred, had, before action brought, filed a bill in equity against the oil company in the circuit court in respect to the item of $1,375.90, and who, it likewise averred, was about to bring an action against it in respect to the smaller item; the petition also alleged that the larger sum had in obedience to an order of the circuit court been paid into the registry of said court, leaving only the sum of $215.45 in the defendant's hands out of the amount originally claimed by Healy, which sum the defendant prayed leave to pay into court. A rule to

---

1 [Reprinted from 8 Reporter, 103, by permission; 8 Cent. Law J. 445, contains only a partial report.]

show cause having been granted, an order was made granting the prayer of the petition, neither Prevost nor Healy appearing, and Prevost was substituted on the record as defendant. Prevost, being a citizen of New Jersey, then filed a petition and bond for a removal of the cause to the circuit court, and removed it accordingly. The plaintiff then took the present rule.

A. Sydney Biddle showed cause.

The amount in controversy here brings the cause within the act of congress. It is not merely the $215.45 which at the time of removal remained in the hands of the original defendant, but the sum named in the bill of particulars. The amount in controversy for the purpose of giving jurisdiction is the amount named in the declaration. Gordon v. Longest, 16 Pet. [41 U. S.] 97; Sherman v. Clark [Case No. 12,763]; Postmaster General v. Cross [Id. 11,306]; Martin v. Taylor [Id. 9,166]. When the narr. consists of the common counts, the amount is fixed by the bill of particulars. After the order for payment into court, which reduced the sum in the defendant's hands to less than $500, the plaintiff might have amended his bill, but he did not do so. The order of the common pleas granting an interpleader was general and not confined to the smaller sum. Prevost's consent to the order of interpleader does not deprive him of his right to remove.

L. Waln Smith, for the rule.

The defendant came voluntarily into the state court, and consequently waived his right to a removal of the cause. West v. Aurora, 6 Wall. [73 U. S.] 139; Dill. Rem. Causes, § 13, and note. The controversy is for less than $500. The common pleas clearly intended its order to apply to the $215.45 only, as the remainder of the sum had been paid into the registry of another court. The court would take judicial notice of the latter fact, and not make an order where the res upon which it would operate was within the jurisdiction of another sovereignty. Though as between the original parties the sum in controversy is determined by the bill of particulars, yet as to Prevost the sum is determined by writ bringing him upon the record, i. e. the interpleader order.

BUTLER, District Judge. The plaintiff's claim, as it appears from the bill of particulars filed, is for upwards of $1,500. And this is the amount involved in the issue joined with Mr. Prevost. It is true that the original defendant in the case has paid $1,375 of this sum into the circuit court. But the claim of the plaintiff is not abated thereby. It is not improbable that the issue was intended to be joined on the $215, the remainder of the claim, but it is not so done. We cannot regard Mr. Prevost as voluntarily in the court of common pleas, and not therefore

entitled to the benefit of the statute which he invokes. He was called in by the rule to interplead, and although he subsequently assented to the rule being made absolute, I think he should be regarded as if in under a summons. Rule discharged.