Blatchford, C. J.
This suit was originally brought in th# supreme court of New York by the plaintiff against the New York Savings Bank. The complaint put in in the state court demanded judgment against the bank for $25,000, and interest and costs. It prayed no other relief. The claim sued on was made under an alleged right of the plaintiff to money* which her deceased husband, Benjamin Bailey, had on deposit in the bank at the time of his death in the name of “Benjamin Bailey, trustee.”
The bank is a savings bank incorporated under the laws of New York. By section 25 of the act of the legislature of New York, passed May 17, 1875, (Laws 1875, c. 371, p. 408,) it is provided as follows: “In all actions against any savings bank, to recover for moneys on deposit therewith, if there be any *15 person or persons, whether husband or wife, or otherwise, claiming the same fund, who are not parties to the action, the court in which such action is pending may, on the petition of such savings bank, and upon eight days’ notice to the plaintiff and such claimants, make an order amending the proceedings in said action by making such claimants parties defendant thereto; and the said court shall thereupon proceed to hear and determine the rights and interests of the several parties to said action in and to said funds. The said funds or deposits which are the subject of the said action may remain with such savings bank, upon the same interest as other deposits of like amount, to the credit of the action, until final judgment therein, and the same shall be paid by such savings bank in accordance with the order of the court, or the deposit in controversy may be paid into court, to await the final determination of the action ; and, when so paid into court, the corporation shall be stricken out as a party to such action,,and its liability for such deposits shall cease.”
On a petition of the bank made under said statute, and on due notice to the plaintiff and to Lewis H. Bailey, the state court made an order, on the tenth of November, 1879, ordering that “Lewis H. Bailey, as executor of the last will and testament of Benjamin Bailey, deceased,” be made a party defendant to the action, and that the pleadings and proceedings be amended accordingly, and giving leave to Lewis H. Bailey, “as such executor,” to answer the complaint, and ordering “that the court will thereupon proceed to hear and determine the rights of the several parties to this action in and to the said fund or deposit.” The order states that “Lewis H. Bailey appeared in eourt, on.the application, by attorney,” and “requested to be made a party defendant in. this action,” and that the counsel for the bank and the counsel for Lewis H. Bailey were heard in favor of the application, and the counsel for the plaintiff in opposition to it.
It appears by the petition that Benjamin Bailey left a will-appointing his brother, Lewis H. Bailey, his sole executor; that proceedings for its probate were pending; that Lewis H. Bailey was one of the residuary legatees under it; that letter» *16 testamentary had not been issued to him; and he claimed, as executor, and as belonging to said estate, the same moneys which plaintiff claimed. The bank put in an answer, in the state court, to the complaint, on the eleventh of December, 1879, setting up that they could not ascertain which of the two claimants was entitled to the moneys, and averring its readiness to pay them to the person lawfully entitled to them, and asking for a stay of proceedings in the action until a legal representative of the estate of Benjamin Bailey shall be appointed and be made a party to the action; and that when all the parties necessary to render the judgment of the court a protection to the bank should have been brought in, such parties might interplead and settle their rights among themselves, and the bank might pay the moneys into court to await the final determination of the action, and be stricken out as parties to the action, and the liability for the said moneys thereupon cease.
On the nineteenth of December, 1879, the state court, on the application of Lewis H. Bailey, and on notice to the plaintiff and against her opposition, made an ordef that the complaint be amended by inserting this allegation: “The plaintiff alleges, upon information and belief, that the defendant Lewis H. Bailey claims the several sums of money aforesaid, deposited with the said defendant, the New York Savings Bank, with the interest due thereon, as the executor of the last will and testament of Benjamin Bailey, deceased, and claims that said sums were the individual property of said Benjamin Bailey, deceased, in his life-time, and now, together wit., the interest due thereon, form and are a part of his p -taonal estate.” The answer of the bank was to stand as iis answer to the complaint as amended. Lewis H. Bailey put in an answer on the nineteenth of December, 1879, setting forth that the probate of the will was opposed; that the moneys in the bank belonged to the estate; and that, until the will should be admitted to probate, he, “as the executor named therein, is charged with the duty of collecting and protecting the said deposits, and preventing any misapplication thereof.”
*17 Subsequently, Lewis H. Bailey took steps to remove the cause into this court. His petition for removal set forth his own citizenship as of Connecticut, and the citizenship of the plaintiff and the bank as of New York; that the bank was a mere stake-holder of the fund in controversy, and had no interest in the controversy, which was wholly between the plaintiff and the petitioner, as representing the estate of the deceased. The state court made an order reciting that the suit is one in which there is a controversy “between a citizen of the state of New York and a citizen of the state of Connecticut,” and removing “the said cause” into this court.
The plaintiff now moves to remand this cause to the state court. No order has been made that the bank pay into court the deposit in controversy, to await the final determination of the action, nor has it been paid into court, nor has the bank been stricken out as a party to the action, nor has its liability for the deposit ceased. On the contrary, the answer of the bank to the complaint expressly states that it does not propose to pay the moneys into court, or to be stricken out as a party, or to have its liability for the money cease, until a legal representative of the estate shall have been appointed and made a party to the action.
Under these circumstances, if the court should adjudge that the plaintiff is entitled to the moneys, and they are not in court, it must award to her execution against the bank to collect them. It cannot do that unless the bank is a party. So the bank is a necessary party as respects the plaintiff. She has brought the bank into court, and nothing that has been done has had the effect to take the bank out of court, or out of the suit. Adding Lewis H. Bailey as a defendant has had no such effect. On the complaint the bank is liable to the plaintiff. Showing that the bank, as the case stands, is not liable to Lewis H. Bailey, does not necessarily show that it is liable to the plaintiff. On the answer of the bank it has a right to be heard to defeat the claim of Lewis H. Bailey, because he is not the representative of the estate, and his acquittance will not protect the bank, and then to be heard *18 to defeat the claim of the plaintiff, on the ground that she makes out no title to the money. The bank is thus a proper and a necessary party, and, being a citizen of the same state with the plaintiff, the case is not a removable one, under section 2 of the act of March 3, 1875, (18 U. S. St. at Large, 470,) although the plaintiff and Lewis H. Bailey are citizens of different states.
There is not in this case, as it now stands, any controversy between citizens of different states to which a defendant, citizen of the same state with the plaintiff, is not a necessary party, so as to make a case within the first subdivision of section 2 of the act of 1875; nor any controversy which is wholly between citizens of different states, and which can be fully determined as between them without the presence of a defendant citizen of the same state with the plaintiff actually interested in such controversy, so as to make a case within the second subdivision of section 2 of the act of 1875. No case is cited where a removal has been allowed under section 2, under circumstances such as those which exist in the present case.
In Wehl v. Wold, in this court, (December 10, 1879,) and in Healy v. Prevost, 8 Reporter, 103, the original debtor had ceased to be a party, the money was in court, and the two remaining parties were of diverse citizenship.
The motion to remand the cause is granted, with costs.